## SHERMAN v. ROBERTSON.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
SOUTHERN DISTRICT OF NEW YORK.

No. 180. Submitted November 25, 1889. — Decided December 2, 1889.

*Hartranft* v. *Oliver*, 125 U. S. 525, affirmed and applied to this case.

THIS case was submitted by the parties on a stipulation in. which, after reciting the trial and judgment in the court below it was said:

"Now it is conceded by the Attorney General, in behalf of the defendant in error, that the facts in this cause, as shown by the plaintiffs' bill of exceptions, contained within the record on this appeal, duly filed in the office of the clerk of this court, are, in all substantial respects, the same as the facts upon which judgment was rendered for the plaintiffs in the court below in the cause *Hartranft* v. *Oliver*, which was argued in this court March 22, 1888, and is reported in Vol. 125 of the United States Reports at page 525: that is to say:

"1. The plaintiffs herein imported white cotton goods into the port of New York. The vessel carrying the goods arrived at that port on the 30th day of June, 1883, and was immediately boarded by customs officers of the United States, who took into their custody all goods on board.

"2. The plaintiffs could not have obtained possession of their said goods from the said customs officers without a certain 'permit,' to be issued by the defendant after the goods were 'entered' by the plaintiffs at the custom-house of the said port, and the goods could not be so entered there until after the vessel itself was entered or reported there.

"3. The plaintiffs had a clerk waiting at the said custom-house for the purpose of entering their said goods as soon as the vessel should be so entered or reported there on the said 30th day of June, 1883, but that the vessel was not so entered

or reported there until at or about 2 o'clock P. M. of that day, and that it was then too late to enter the said goods in the usual course of business within that day in the said custom-house.

" 4. The first day of July, 1883, was a Sunday. The said goods were duly entered at the said custom-house on the second day of July, 1883, having remained meantime solely in the custody of the said customs officers on board the said vessel.

" 5. The said goods were not in any public storehouse or bonded warehouse on the first day of July, 1883, otherwise than as hereinabove appears.

" 6. The defendant, as collector of said port, levied customs duties upon plaintiffs' said goods, at the rates provided for by section 2504 of the Revised Statutes of the United States, amounting to $2754.41.

" The plaintiffs objected and protested against such levy upon the ground that the levy should have been made under the act of Congress entitled 'An act to reduce internal revenue taxation, and for other purposes,' approved March 3, 1883, under which last-mentioned act the duties upon the said goods would have amounted to $2179.59, but they paid the amount of the said levy of the defendant and duly brought this action to recover the difference or excess so paid, to wit, to recover $574.82.

" And hereupon the counsel for both parties deem it not necessary to print the record on this appeal or to argue the appeal before the court, and the Attorney General, in behalf of the defendant, submits to the direction of the court upon the motion of plaintiffs' counsel for judgment."

*Mr. Waldo Hutchins* and *Mr. William Forse Scott* for plaintiffs in error.

*Mr. Solicitor General* for defendant in error.

PER CURIAM. The judgment of the court below is
*Reversed with costs, on the authority of the decision of this court in the case of* Hartranft *v.* Oliver, (*No. 190 of October term, 1887*), *125 U. S. 525, and the cause is remanded with directions to enter judgment for the plaintiffs.*