*In re* MATHEWS *et al.*

*(Circuit Court, D. Vermont.  April 7, 1891.)*

CUSTOMS DUTIES—LUMBER IN BOND—APPRAISAL OF DUTY.
 By Act Cong. Oct. 1, 1890, it was provided that the duty on lumber imported should be reduced from two dollars to one dollar per M., but that, if any country should impose an export duty on logs for this country, the duty on lumber should remain as before.  The export duty on logs from Canada was removed October 13th. The lumber in question was imported September 27th, and deposited in bond.  It was not withdrawn until October 16th.  *Held,* that under the provision of section 54, that merchandise deposited in bond may be withdrawn within three years from the date of the original importation upon the payment of the duties and charges to which it may be subject by law at the time of its withdrawal, it should have been assessed only one dollar per thousand.

At Law.
*W. L. Burnap,* for Mathews & Hickok.

WHEELER, J.  This matter has been heard upon the return of the general appraisers.  Prior to the act of October 1, 1890, the duty on sawed pine lumber was two dollars per M.  22 St. 501, Schedule D. Canada imposed an export duty on logs.  Mathews & Hickok imported 525,943 feet of such lumber September 27th, at Burlington, and deposited it in bond.  By that act the duty was fixed at one dollar per M., provided that, if any country imposed an export duty on logs for this country, the duty on lumber imported from such country should remain as before.  The export duty on logs from Canada was removed, to take effect October 13th.  This lumber was withdrawn from bond and entered for consumption October 16th.  A duty of two dollars per M. was assessed upon it because the collector had not been informed from the treasury department that the export duty on logs had been removed by Canada.  This assessment appears to have been affirmed by the general appraisers because the lumber did not appear to have been imported after October 13th.  But by section 54 of that act any merchandise deposited in bond "may be withdrawn for consumption within three years from the date of original importation on payment of the duties and charges to which it may be subject by law at the time of such withdrawal."  This lumber was subject to a duty of one dollar per M. only at the time of its withdrawal. Under this statute the importers seem to have had the right to withdraw the lumber on payment of that duty.  *Hartranft* v. *Oliver,* 125 U. S. 525, 8 Sup. Ct. Rep. 958.  Judgment that entry be liquidated at one dollar per M.