UNITED STATES *v.* McGRATH *et al.*

*(District Court, E. D. Louisiana.* May 11, 1892.)

No. 12,873.

CUSTOMS DUTIES—ENTRY UNDER BOND—WITHDRAWAL—ADDITIONAL DUTY.
  Under Act Cong. Oct. 1, 1890, (26 St. at Large, p. 624,) § 50, goods deposited in bond prior to the date thereof, for which no permit of delivery has issued, and withdrawn before February 1, 1891, but after the above law went into effect, are not subject to the additional duty of 10 per cent. provided by Rev. St. U. S. § 2970.

At Law. Action by the United States against James McGrath & Son to recover the additional duty of 10 per cent. prescribed by Rev. St. U. S. § 2970, upon goods withdrawn from bond. Verdict directed for defendants.

*Wm. Grant,* for complainant.

*Gurley & Mellen* and *W. O. Hart,* for defendants.

BILLINGS, District Judge. The decisions by the treasury department as to the question involved in this case have not been uniform. It is a pure question of law, and arises from the following facts, which are undisputed: Merchandise was imported and entered in bond prior to the passage of the act of October 1, 1890, to wit, in November and December, 1889, and was withdrawn after the 6th day of October, 1890, and after one year, but within three years of the time when it was entered and deposited in a bonded warehouse, and before February 1, 1891. It had not been in the warehouse a year at the time the present law went into effect. The duties upon this merchandise were the same in the former and the present act, and were liquidated and paid without the addition of the 10 per cent. additional duty, which is provided for by section 2970 of the Revised Statutes. This suit is brought to recover that additional duty of 10 per cent. It may be stated also, as a fact, that no permit of delivery had been issued to the importer or his agent prior to October 6, 1890. If the statute of October 1, 1890, had not contained section 50, when we consider the public reasons against implied repeals of provisions imposing customs duties, there would have been presented a difficult question as to the effect of the general repealing clause contained in section 55, when taken in connection with the proviso contained in that section. But section 50 (26 St. p. 624) has made specific provision for the case of merchandise which had been entered in bond prior to the 6th of October, 1890, and subjects the duties upon all such merchandise to the effect of the general repealing clause. With this specific provision as to the duties upon goods already imported and in bonded warehouse, making them subject to no duties other than those

imposed upon goods subsequently imported, there was no "accruing or accrued right" of the government, and no "liability" of the importer for the additional 10 per cent., and the general words of the repealing section operated upon this provision of the previous statute for this duty here sought to be recovered. Section 50 provides:

"That, on and after the day when this act shall go into effect, all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered, without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to no other duty, upon the entry or the withdrawal thereof, than if the same were imported, respectively, after that day: provided, that any imported merchandise deposited in bond in any public or private bonded warehouse, having been so deposited prior to the first day of October, eighteen hundred and ninety, may be withdrawn for consumption at any time prior to February first, eighteen hundred and ninety-one, upon the payment of duties at the rates in force prior to the passage of this act: provided, further, that, when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise at the time of its withdrawal."

This was "merchandise entered without payment of duty and under bond for warehousing," and "no permit of delivery had been issued." Therefore it can be subjected to no other duty upon the withdrawal thereof than if the same had been imported after the new law was in force. It is placed by the new statute in the same situation, as to duties additional or chief, as if it had been imported after October 6, 1890. The question presented here is not, as was that in *Fabbri* v. *Murphy*, 95 U. S. 194, one as to an implied repeal, for the new statute has expressly provided for the case of goods already in bond. It is conclusive that congress was dealing with the whole subject of duties, for, in the following clause or proviso, they give the importer whose goods are in the bonded warehouse the option to pay the duties at the rates in force prior to the passage of this act. Section 54 provided for the extended period during which all goods, both those previously and subsequently imported, might remain in bond. Section 50 placed the goods already in bond on an equality with those afterwards imported in respect to duties. I shall therefore instruct the jury to find a verdict for the defendants.