In re GARDINER et al.

(Circuit Court of Appeals, Second Circuit. February 7, 1893.)

**1. CUSTOMS DUTIES—ACT OCT. 1. 1890. § 50.**
Goods arriving in port of entry on October 4, 1890, but not entered until October 6, 1890, pay the duty prescribed by the act of October 1, 1890, and not the duty under the prior act of March 3, 1883.

**2. SAME—CONSTRUCTION OF SECTION 50.**
The words, "no other duty," in said section, mean "the same duty."

**3. SAME.**
The date when the new act went into effect for duty purposes was October 6, 1890.

Appeal from the Circuit Court of the United States for the Southern District of New York.

Proceeding to review the decision of the board of general appraisers. The importers A. K. Gardiner & Bro. imported 50 bags of glue by the steamer City of Chicago from Liverpool, which vessel arrived in the port of New York, on Saturday, October 4, 1890. The master of the vessel reported her arrival to the collector, and made oath to his manifest in the usual form on that day. The goods were entered for consumption on October 6, 1890. Under the tariff act of 1883, the rate of duty on glue of the kind imported was 20 per cent. ad valorem; under the act of 1890 it was 1½ cents per pound. The collector exacted duty at the latter rate, against which the importers duly protested. The board of United States general appraisers affirmed the decision of the collector, but on appeal to the United States circuit court their decision was reversed, and the goods held to be dutiable under the old act. Appeal was duly taken to this court. Reversed.

Henry C. Platt, Asst. U. S. Atty., for appellant.
Edwin B. Smith, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. The tariff act of 1890 was approved by the president October 1st. It is a long act, containing upwards of 50 sections, not only providing for rates of duty on imported articles, but legislating also as to internal revenue taxes, and as to many details of administration connected with the collection of such duties and taxes. The first section provides as follows:

"On and after the sixth day of October, 1890, unless otherwise specially provided for in this act, there shall be levied, collected, and paid upon all articles imported from foreign countries, and mentioned in the schedules herein contained, the rates of duty which are, by the schedules and paragraphs, respectively prescribed."

Then follows a long enumeration of articles. As to some of these articles it is provided in the same section that the prescribed duty is not to be levied until some other date named therein, e. g. July 1, 1891, (paragraph 143,) October 1, 1897, (paragraph 143,) July 1, 1893, (paragraph 209,) March 1, 1891, (paragraph 219,) April 1, 1891, (paragraph 241,) etc. The second section provides as follows:

"On and after the sixth day of October, 1890, unless otherwise specially provided for in this act, the following articles, when imported, shall be exempt from duty."

—And then follows a long enumeration.

The fiftieth section provides as follows:

"On and after the day when this act shall go into effect, all goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to no other duty upon the entry or withdrawal thereof than if the same were imported respectively after that day: provided, that any imported merchandise deposited in bond in any public or private bonded warehouse, having been so deposited prior to the first day of October, 1890, may be withdrawn for consumption at any time prior to February 1st, 1891, upon payment of duties at the rates in force prior to the passage of this act."

The contention of the appellee that the so-called "entry of the vessel" and filing of her manifest was an entry within the meaning of this section is unsound. It is an entry of the "goods, wares, and merchandise" that is provided for, and none such had been even commenced by the presentation in the collector's office of the written entry required by section 2785, Rev. St. U. S., prior to October 6, 1890. The circuit court so held, finding the goods to be in the class covered by the first part of section 50, but holding further that the phrase, "shall be subjected to no other duty than if the same were imported after that day," was not intended by congress to require the payment of duty at the higher rate prescribed by the new act for goods imported on and after October 6, 1890. We are unable to concur in this construction, in view of the plain language of the statute. To provide that goods in one category shall pay "no other duty" than goods in another category is but the statement that they shall pay "the same duty," and any different construction does violence to the language in which congress has expressed its intention. It has undoubtedly been held (Church of Holy Trinity v. U. S., 143 U. S. 457, 12 Sup. Ct. Rep. 511) that words may be thus wrenched from their obvious meaning, when a court is satisfied by sufficient evidence that the framers of the act meant, not what they said, but its opposite; but such an extreme application of the doctrine of construction is not to be made, where, as in this case, there is no such evidence.

The respondent, however, seeks to sustain the decision of the circuit court upon another ground. The date named in the fiftieth section, (above quoted,) relative to which the merchandise therein referred to is to be liable to duty, is "the day when this act shall go into effect." Inasmuch as the act was passed October 1, 1890, respondent contends that the section should be so construed as not to cover goods imported subsequent to October 1st. Only in a general sense, however, may the act be said to go into effect on the day of its passage. As to the levying, collecting, and payment of duties upon imported merchandise, it did not go into effect until October 6th, and as to some kinds of merchandise not until even later dates. Inasmuch as the fiftieth section deals exclusively with the levying, collect-

ing, and payment of duties, a natural construction of the language used would determine the precise date expressed by the phrase, "the day when this act shall go into effect," by the going into effect of the act touching the subject-matter with which the section is wholly concerned.

An analysis of the section lends support to this construction. If interpreted as the appellee contends, the act would (by that and other sections) provide for duty as follows: (1) On goods imported and entered prior to October 6th, the old rate; (2) on goods imported and entered after October 6th, the new rate; (3) on goods imported prior to October 1st, but not entered prior to October 6th, the new rate; (4) on goods imported subsequent to October 1st, but prior to October 6th, and not entered prior to October 6th, the old rate. It is difficult to see why merchandise included in the fourth of these categories should be privileged over merchandise included in the third.

The judgment of the circuit court should be reversed, and case remanded to that count, with instructions to affirm the decision of the board of United States general appraisers.