## In re SCHMID.

### (Circuit Court, S. D. New York. February 10, 1893.)

CUSTOMS DUTIES—GOODS IN BOND—ADDITIONAL DUTY.

Rev. St. § 2970, providing for an extra duty of 10 per cent. on goods remaining in a bonded warehouse longer than a year, is repealed by Act Oct. 1, 1890, § 50, and under the latter act such additional duty cannot be levied upon goods which had been in bond more than a year before October 6, 1890, (when the act of 1890 went into effect,) and were withdrawn in January, 1891. U. S. v. McGrath, 50 Fed. Rep. 404, approved.

Appeal by importer from the decision of the board of general appraisers affirming the action of the collector of the port of New York. Reversed.

Stephen G. Clarke, for importer.
Henry C. Platt, Asst. U. S. Atty., for collector.

COXE, District Judge. The merchandise in question—whiskey, wine, tobacco, etc.—was imported and entered for warehouse January 10 and March 9, 1889, and remained there until January, 1891, when it was withdrawn and the duties paid. The collector assessed an additional duty of 10 per cent. under the provisions of section 2970 of the Revised Statutes. The importer protested against the exaction of this duty upon the ground that the law permitting it had

been repealed.   Section 2970 provides in substance that merchandise deposited in a bonded warehouse may be withdrawn for consumption within one year from the date of importation, on payment of the duties and charges due at the time of such withdrawal, but if it remains in such warehouse after the expiration of one year it may be withdrawn on payment of the assessed duties and an additional duty of 10 per cent. of the amount of such duties and charges.

Section 20 of the customs administrative act of June 10, 1890, as amended by section 54 of the act of October 1, 1890, provides:

"That any merchandise deposited in bond in any public or private bonded warehouse may be withdrawn for consumption within three years from the date of original importation, on payment of the duties and charges to which it may be subject by law at the time of such withdrawal."

Section 29 of the said act of June 10, 1890, after repealing eo nomine various sections of the Revised Statutes, and after reciting various sections of subsequent statutes, continues as follows:

"And all other acts and parts of acts inconsistent with the provisions of this act are hereby repealed, but the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before the said repeal or modifications; but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made."

Section 30 of the said act provides that the act, with exception of section 12, shall take effect August 1, 1890.

On the 1st of August, 1890, the merchandise in question had remained in bonded warehouse at least four months over one year. When the year expired, section 2970 of the Revised Statutes was in force and continued in force for several months thereafter.   The saving clause of the repealing act expressly provides that it shall not affect "any right accruing or accrued."   If the withdrawal had taken place subsequent to August 1st, and prior to the passage of the new tariff act, there would have been an interesting question whether or not the right of the government to the additional duty had not accrued, or, at least, was not accruing.   It is argued with plausibility that the interest of the government in the additional duty attached after the expiration of the year, and although that interest was in a sense inchoate and contingent it was nevertheless an accruing right preserved by the saving clause of the repealing act referred to.   But the merchandise was not withdrawn until January, 1891, after the passage of the act of October 1, 1890.

Section 50 of that act provides that on and after October 6, 1890,—

"All goods, wares, and merchandise previously imported, for which no entry has been made, and all goods, wares, and merchandise previously entered, without payment of duty and under bond for warehousing, transportation or any other purpose, for which no permit of delivery to the importer or his agent has been issued, shall be subjected to no other duty, upon the entry or the withdrawal thereof, than if the same were imported, respectively, after that day: provided, that any imported merchandise deposited in bond in any public or private bonded warehouse, having been so deposited prior to the first day of October, eighteen hundred and ninety, may be withdrawn for consumption at any time prior to February first, eighteen hundred and ninety-one, upon the payment of duties at the rates in force prior to the passage of

this act: provided, further, that, when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise at the time of its withdrawal."

Section 55 repeals "all laws and parts of laws inconsistent with this act," and contains a proviso similar to that of the repealing clause quoted from the act of June 10, 1890.

I have no doubt at all, after considering all of the acts referred to, that it was the intention of congress to repeal section 2970 of the Revised Statutes, and abolish the additional duty therein provided for. The language of section 50 is too plain to admit of doubt that after October 6, 1890, no duty can be levied on merchandise in warehouse that could not be levied were the merchandise imported after October 6, 1890. In other words, merchandise in warehouse prior to October 6th is placed, as to duties, on an exact equality with similar merchandise imported after that date. U. S. v. McGrath, 50 Fed. Rep. 404.

The decision of the board is reversed.