### BURR et al. v. UNITED STATES.

(Circuit Court, S. D. New York. January 15, 1895.)

### No. 2,100.

CUSTOMS DUTIES—RATE OF DUTY—NEW TARIFF LAW—REPEAL.

Where duties were liquidated on the day after the new tariff law (Act Aug. 27, 1894) went into effect, upon goods imported or withdrawn while the old law was in force, *held* that the rate of duty should be that prescribed by the new law, and not the higher rate imposed by the old; and that the right of the government to such higher rate was not saved by the provision of the new law (section 72) that the repeals therein made should not affect "any act done, or any right accrued."

This was an application by Burr & Hardwick for a review of the decision of the board of general appraisers in respect to the rate of duty to be imposed upon certain goods.

Curie, Smith & Mackie, for Burr & Hardwick.

Wallace MacFarlane, for the United States.

WHEELER, District Judge. The tariff act of 1894 became a law on August 27th. It began with the provision, "That on and after the first day of August, eighteen hundred and ninety-four, unless otherwise specially provided for in this act there shall be levied, collected, and paid upon all articles imported from foreign countries or withdrawn for consumption, and mentioned in the schedules herein contained, the rates of duty which are, by the schedules and paragraphs respectively prescribed." These goods were imported, or withdrawn, on August 8th; the duties were liquidated on August 28th, at the rates prescribed in the former act, against the claim of the importers that the latter act should govern. This liquidation is the actual assessment of the duties (Davies v. Miller, 130 U. S. 284, 9 Sup. Ct. 560; Merritt v. Cameron, 137 U. S.

542, 11 Sup. Ct. 174), and it should be made according to the law at the time. This latter act was in force at that time, and whatever was done which it included should have been done according to its terms and effect. Its terms are plain, without room for construction or doubt, that, on all goods imported or withdrawn when these were, the duties should be assessed according to its own schedules. Each house, when it had the bill under consideration, fixed a then future date in this place; and from this an ingenious argument has been made to show that both houses concurred in an intention that this date should be future whenever the act should be passed. But the senate, with legislative deliberation, inserted this date in proposals of amendment; the house, with like deliberation, after the date had gone by, concurred in the proposals, and it so became a law. Thus the whole lawmaking power enacted that date as the date for that place in the law. What the effect of the law is as it stands is more open to doubt. The former law was in force when these goods were imported or withdrawn; this law might not affect anything already done under that act; it might and would affect what was not done. In Stockdale v. Insurance Co., 20 Wall. 323, Mr. Justice Miller, in delivering the opinion of the court, said with reference to changing prior taxation:

"Both in principle and authority, it may be taken to be established that a legislative body may by statute declare the construction of previous statutes so as to bind the courts in reference to all transactions occurring after the passage of the law, and may in many cases thus furnish the rule to govern the courts in transactions which are past, provided no constitutional right of the party concerned is violated."

And again:

"Congress could have passed a law to reimpose this tax retrospectively; to revive the sections under consideration if they had expired; to re-enact the law by a simple reference to sections."

No question exists, or is really made, but that this whole subject was within the lawmaking power; but that a law should not have any retroactive application unless that is plainly intended is more strenuously urged. No intention that duties after a certain prior date should be collected at certain rates could be more plainly expressed than by saying, as was said here, exactly that. This could not be so distinctly declared and something else be meant. This act of 1894 provides:

"Sec. 72. All acts and parts of acts inconsistent with the provisions of this act are hereby repealed, but the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued."

This is said to save the right to the duties which had accrued to the government, under the existing laws, on the importation or withdrawal of the goods; and, if this saving includes the right of the government to duties, undoubtedly it would. The tariff act of 1883, upon the taking effect of which Hartranft v. Oliver, 125 U. S. 525, 8 Sup. Ct. 958, arose, contained a like saving of rights accruing and accrued. 22 Stat. 526, § 13. The goods were imported, and higher duties had accrued, as was said, before June 30th, when that part of the act relating to those goods took effect; still the rate

was held to have been changed by the new law, which could not have been properly done if the accrued duties had been within that saving clause. The tariff act of 1890, upon which In re Gardiner, 53 Fed. 1013, 4 C. C. A. 155, arose, also contained a similar saving clause. The vessel had arrived, and lower duties had accrued, before October 6th, when that part of the act relating to those goods took effect, but the new rate was held applicable. The right of the government to exact duties exists at all times, and was being exercised in the making of these laws; and not that, but individual rights, would seem to be intended in these saving clauses. Judgment reversed.