### SCHMID v. UNITED STATES.

(Circuit Court, S. D. New York. February 21, 1895.)

CUSTOMS DUTIES—GOODS IN BOND—ACT JUNE 10, 1890.
    Rev. St. § 2970, imposing an additional duty of 10 per cent. on goods withdrawn from bond more than a year after deposit, is repealed by the customs administrative act of June 10, 1890; and the duties on goods withdrawn after said act went into effect, though deposited before, are those only which are imposed by section 20 of said act.

Appeal by importer from the decision of the board of general appraisers affirming the action of the collector of the port of New York.

The imported merchandise was entered for warehousing prior to July, 1889, and remained there until September, 1890, when it was withdrawn and the duties paid. The collector assessed an additional duty of 10 per cent., under section 2970 of the Revised Statutes. The importer protested against the exaction of this duty, upon the ground that section 2970 had been repealed by the sections 20 and 29 of the customs administrative act, passed June 10, 1890. Section 2970 of the Revised Statutes is as follows: "Any merchandise deposited in bond in any public or private bonded warehouse may

be withdrawn for consumption within one year from the date of original importation on payment of the duties and charges to which it may be subject by law at the time of such withdrawal; and after the expiration of one year from the date of original importation, and until the expiration of three years from such date, any merchandise in bond may be withdrawn for consumption on payment of the duties assessed on the original entry and charges, and an additional duty of ten per centum of the amount of such duties and charges." Section 20 of the act of June 10, 1890, provides that "any merchandise deposited in any public or private bonded-warehouse may be withdrawn for consumption within three years from the date of original importation, on payment of the duties and charges to which it may be subject by law at the time of such withdrawal: provided, that nothing herein shall affect or impair existing provisions of law in regard to the disposal of perishable or explosive articles." Section 29 of this act, after repealing various designated sections of the Revised Statutes (section 2970 not being among them), and after reciting various sections of acts subsequent to the Revised Statutes, continues as follows: "And all other acts and parts of acts inconsistent with the provisions of this act, are hereby repealed, but the repeal of existing laws or modifications thereof embraced in this act shall not affect any act done, or any right accruing or accrued, or any suit or proceeding had or commenced in any civil cause before the said repeal or modifications; but all rights and liabilities under said laws shall continue and may be enforced in the same manner as if said repeal or modifications had not been made." Section 30 provides that the act shall take effect August 1, 1890. The merchandise in question had been in warehouse more than a year on August 1, 1890. It was withdrawn and paid duties during September, 1890.

Stephen G. Clarke, for importer.

James T. Van Rensselaer, Asst. U. S. Atty., for collector.

COXE, District Judge.     That section 20 of the act of June 10, 1890, is inconsistent with section 2970 of the Revised Statutes, can hardly be doubted.     Both sections deal with the same subject, and the later law substitutes three years for one year as the period within which bonded merchandise may be withdrawn on the payment of duties and charges.     It omits all reference to the additional duty.     It is hard to see what object congress expected to accomplish by this legislation if section 2970 was to remain in force.     It was clearly the intention of congress to abolish the harsh provision for an additional duty.     This is shown not only by a comparison of the two sections, but also by sections 50 and 55 of the act of October 1st, of the same year.     U. S. v. McGrath, 50 Fed. 404; In re Schmid, 54 Fed. 145.     Whether the repeal was accomplished by the act of June 10th is not, perhaps, free from doubt.     The doubt, if one exists, should be resolved in favor of the importer.     Hartranft v. Wiegmann, 121 U. S. 609, 7 Sup. Ct. 1240; U. S. v. Davis, 4 C. C. A. 251, 54 Fed. 147.

In Hartranft v. Oliver, 125 U. S. 525, 8 Sup. Ct. 958, the supreme court said of a provision very similar to section 20, supra:

"The plain meaning of this section is, that, though goods are imported before the act takes effect, yet if they are kept until after that period in a public store or bonded warehouse, that is, in the custody and under the control of officers of the customs, they shall be subjected only to the duties thereafter leviable when they are entered for consumption. * * * In other words, goods imported before the act took effect, if kept in the custody and control of the government, are to be charged with duties according to the law in force when they are entered for consumption."

To the same effect is Burr v. U. S., 66 Fed. 742.

As the law in force, when the goods in controversy were entered for consumption, was the act of June, 1890, which makes no provision for an additional duty, the exaction of such duty was unauthorized. The decision of the board is reversed.