## UNITED STATES v. E. L. GOODSELL CO.

### (Circuit Court, S. D. New York. February 16, 1897.)

CUSTOMS DUTIES—IMPORTS UNDER PRIOR LAWS.

Merchandise, imported before the tariff act of 1894 went into effect, but which remained in the custody of the customs officers, and was not delivered to the importer until after that act went into effect, is subject to the rates of duty imposed by that act.

This was an application by the collector of the port of New York for a review of the decision of the board of general appraisers, reversing the decision of the collector as to the rate of duty on certain lemons imported by the E. L. Goodsell Company. The permit to land and deliver the goods was not indorsed by the examiner until August 29, 1894. The enacting clause of the tariff act of 1894 imposes duties on articles "imported from foreign countries or withdrawn for consumption" after its passage. The treasury circular of September 20, 1894, says that, "if it shall appear that the goods are in customs custody on the 28th ult., and that no permit had been presented for the delivery thereof, the same would fall under the new act." The entries of the goods were made on August 23 and 25, 1894, and the collector assessed duty under the tariff act of 1890, which was in force at that date.

Henry C. Platt, Asst. U. S. Atty.

W. W. Smith, for importer.

TOWNSEND, District Judge (orally). On August 23, 1894, the merchandise in question arrived at the port of New York, and was entered for duty, and a written permit to land, designating it for examination on the wharf, was issued. It was examined August 29, 1894, and the entry was liquidated September 8, 1894. The importer protested, claiming that it was dutiable under the provisions of the tariff act of 1894. The board of general appraisers sustained the protest, and the United States appeals.

The tariff act of 1894 went into effect on August 28, 1894. On that day the merchandise was in the custody of the customs officers. The contemporaneous construction of said act by the treasury department followed by said board herein seems to be in harmony with

the decision of the supreme court of the United States in Hartranft v. Oliver, 125 U. S. 525, 8 Sup. Ct. 958, construing similar provisions in the tariff act of March 3, 1883. I am not sufficiently familiar with the term "withdrawn for consumption" to satisfactorily determine what scope it would be given in said act. If it is to be strictly construed as applied to merchandise entered in a government warehouse, and afterwards withdrawn therefrom, the merchandise in question was not so withdrawn, and the act of 1894 does not apply. But if, as contended by counsel for the importer, it may mean, generally, goods withdrawn from the control of the customs officers, and delivered into the custody of the owner, then I think it must have been the intent of congress to provide that merchandise which, as in this case, did not come under the control of the owner until after August 28, 1894, should pay duty according to the provisions of the act of 1894. In these circumstances the doubt, under the familiar rule, will be resolved in favor of the importer. The decision of the board of general appraisers is affirmed.