AMERICAN CIGAR CO. v. UNITED STATES.

G. FALK & BRO. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. January 17, 1906.)

Nos. 69, 70.

1. CUSTOMS DUTIES—PROTEST ON GOODS IN WAREHOUSE—TIMELINESS.

As to each of two importations of merchandise entered in bond for warehousing, the importers filed a protest, contending that duty should be assessed on the basis of the weight of the merchandise at the time of its withdrawal for consumption. As to one importation the protest was filed within 10 days after liquidation but prior to the time of withdrawal, and as to the other more than 10 days after liquidation but within 10 days after the refusal by the collector of a demand made at the time of withdrawal that allowance should be made for loss of weight. Under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], providing that protests shall be filed within 10 days after, but before the "ascertainment and liquidation of duties, as well in case of merchandise entered in bond as for consumption," held that the latter protest was duly filed, but that the former was invalid as premature, because filed before the cause of action had arisen.

2. SAME—PROTEST—CONSTRUCTIVE LIQUIDATION OF GOODS IN WAREHOUSE.

As to merchandise entered in bond for warehousing, held, that if upon withdrawal for consumption there has been a change in the condition of the merchandise which entitled the importers to a reliquidation of duty, and a demand for such reliquidation is made upon the collector at the time of withdrawal and is refused, such refusal constitutes a definite and final ascertainment and liquidation of duties which entitles the importers to file a protest under Customs Administrative Act June 10, 1890, c. 407, § 14, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933], which provides that a protest shall be filed within 10 days after, but not before the "ascertainment and liquidation of duties, as well in case of merchandise entered in bond as for consumption."

3. SAME—MERCHANDISE IN WAREHOUSE—ALLOWANCE FOR LOSS—SHRINKAGE IN WEIGHT.

Section 2983, Rev. St. [U. S. Comp. St. 1901; p. 1958], prohibiting the abatement of duties "for any injury, damage, deterioration, loss, or damage," sustained by merchandise while in warehouse, does not include a case of shrinkage in weight through evaporation of moisture. The loss provided for relates to actual reduction in the value or quantity of the merchandise.

4. SAME—ACCRUAL OF DUTY—CONDITION PRECEDENT—ACTUAL IMPORTATION.

The general rule is that revenue can be collected only upon the quantity or weight of the taxable subject-matter which is actually imported

and received by the importer so as to come into the consumption of the country.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 178.]

5. SAME—MERCHANDISE IN WAREHOUSE—DUTIABLE WEIGHT.

Tariff Act July 24, 1897, c. 11, § 33, 30 Stat. 213 [U. S. Comp. St. 1901, p. 1701], provides that duties based on the weight of merchandise in warehouse shall be levied on the weight at the time of entry. Customs Administrative Act June 10, 1890, c. 407, § 20, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1950], as amended by Tariff Act October 1, 1890, c. 1244, § 54, 26 Stat. 624 [U. S. Comp. St. 1901 p. 1950], provides that merchandise withdrawn from warehouse shall pay the duty to which it is subject at the time of withdrawal. Act Dec. 15, 1902, c. 1, 32 Stat. 753 [U. S. Comp. St. Supp. 1905, p. 420], provides that duty shall be imposed at the same rate as may be imposed upon like articles imported at the time of withdrawal. *Held*, that the duty on tobacco entered for warehouse should be based on its weight at the time of withdrawal and not of entry.

6. SAME—COMPLETION OF IMPORTATION—CUSTOMS CUSTODY.

The importation of merchandise is not complete while the goods remain in the custody of the officers of the customs.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duties, § 12.]

7. SAME—LIQUIDATION—FINALITY.

The liquidation of duties by the collector of customs is not necessarily final until after the goods have been delivered to the importer.

[Ed. Note.—For cases in point, see vol. 15, Cent. Dig. Customs Duti ·, § 197.]

Appeals from the Circuit Court of the United States for the Southern District of New York.

These causes come here upon appeals by the importers from a decision of the United States Circuit Court for the Southern District of New York (145 Fed. 574) affirming a decision of the Board of General Appraisers, G. A. 5,695 (T. D. 25,353), which sustained the action of the collector.

Hatch, Keener & Clute (J. Stuart Tompkins, of counsel), for importers.

Henry A. Wise, Asst. U. S. Atty.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. In the case of American Cigar Company v. United States, the merchandise in question, leaf tobacco, imported under the provisions of the act of July 24, 1897, was duly placed in bonded warehouse, properly classified for duty under paragraph 213 of said act (chapter 11, § 1, Schedule F, 30 Stat. 169 [U. S. Comp. St. 1901, p. 1648]), and assessed for duty on the basis of weight "at the time of its entry," under section 33 of said act (chapter 11, 30 Stat. 213 [U. S. Comp. St. 1901, p. 1701]). There is nothing in the record to show that this assessment was not based upon the actual weight of the tobacco upon its arrival at the port of New York. Some time afterwards, when the importer made a withdrawal of tobacco from the warehouse, it was ascertained that it weighed considerably less than at the date of entry. The importer,

however, within 10 days after liquidation and before withdrawal of the tobacco from bond, had filed a protest, claiming that under the provision of Customs Administrative Act June 10, 1890, c. 407, § 20, 26 Stat. 140 [U. S. Comp. St. 1901, p. 1950] it should be required to pay only the charges to which such merchandise should be subject at the time of its withdrawal for consumption. No other ground of protest was stated or is claimed herein. The Board overruled the protest, on the ground that it was prematurely filed, because no cause of action could arise—

"Until the withdrawal of the merchandise from bond, for, until then, it could not be assumed that the collector would refuse to reliquidate the entry upon the basis claimed by the importer, nor could it be known or ascertained that there was any change in the weight of the tobacco until withdrawn and actually weighed."

Furthermore, the original liquidation might be subject to revision by reason of alteration of the law, or of such changes in the character or condition of the merchandise as would make it the duty of the collector to revise his original classification. Section 14 of the customs administrative act (chapter 407, 26 Stat. 137 [U. S. Comp. St. 1901, p. 1933]) provides that all objections of this kind in the nature of protests must be filed within 10 days after "but not before such ascertainment and liquidation of duties, as well in case of merchandise entered in bond as for consumption." If upon such withdrawal it should appear that there was a change in the weight of the merchandise, and the collector should refuse to reconsider his previous action or to acquiesce in the claim of the importer, such refusal would constitute a definite and final ascertainment and liquidation of duties, against which a protest might be filed, thereafter, but not before.

The decision of the court below in American Cigar Company v. United States is affirmed, on the ground that the protest was prematurely filed.

In Falk v. United States the tobacco was duly entered under bond for warehousing without payment of duty. When it was subsequently withdrawn, the importer claimed that the tobacco had lost weight by reason of evaporation of moisture, and demanded that it be reweighed, claiming that it was dutiable upon the basis of the weight on withdrawal and not on entry. The collector refused the demand of the importer, and assessed duty on the weight of the tobacco as returned by the United States weigher at the time of importation. Within 10 days after such refusal this protest was filed, and the questions as to the propriety of the action of the collector, of the Board in affirming his action, and of the court below in sustaining the decision of the Board are properly before this court for review. The court below reached its conclusion, on the ground that the case was governed by the provision of section 2983 of the Revised Statutes [U. S. Comp. St. 1901, p. 1958] that:

"In no case shall there be any abatement of the duties or allowance made for any injury, damage, deterioration, loss or leakage sustained by any merchandise, while deposited in any public or private bonded warehouse."

We are unable to concur in this conclusion. There is no claim herein for any injury or loss sustained by the merchandise in ques-

tion. None of the taxable subject-matter has been lost. All of the other terms, "injury, damage, deterioration, leakage," refer to actual reduction in the value or quantity of the merchandise itself. That the loss provided for in this section relates solely to the loss of the merchandise subject to duty is further indicated by the language of section 2964 [U. S. Comp. St. 1901, p. 1946], which provides for an abatement or refund of duties in case of "actual injury or destruction, in whole or in part, of any merchandise by accidental fire or other casualty" when in a warehouse. Thus, by these two sections, the importer is protected in case of loss of warehoused merchandise by casualty, the government is protected in case of loss of merchandise from any other cause. It is clear that evaporation of moisture is not "loss * . * * sustained by * * * merchandise." This merchandise was dutiable under the provisions of paragraph 213 of the act of 1897, as wrapper tobacco unstemmed, at 1.85 cents per pound. The difference between its weight when entered in the warehouse and when withdrawn for consumption was due to evaporation of moisture while in the warehouse. The general rule is that revenue can be collected only upon the quantity or weight of the taxable subject-matter which is actually imported and received by the importer so as to come into the consumption of the country. Marriott v. Brune, 9 How. 619, 13 L. Ed. 282; Lawder v. Stone, 187 U. S. 281, 23 Sup. Ct. 79, 47 L. Ed. 178. We have seen that the provision as to leakage and loss has no application to evaporation of moisture. This case is analogous to Seeberger v. Wright & Lawther Co., 157 U. S. 183, 15 Sup. Ct. 583, 39 L. Ed. 665, where the difference in weight and consequently in rate was due to the removal of nontaxable accidental impurities. There, the United States Supreme Court held that where the amount of such impurities could be fixed at a certain percentage it should be deducted from the taxable product and allowance made therefor.

Section 33 of the act of 1897 provided as follows:

"That when duties are based upon the weight of merchandise deposited in any public or private bonded warehouse, said duties shall be levied and collected upon the weight of such merchandise at the time of its entry."

Customs Administrative Act June 10, 1890, c. 407, § 20, 26 Stat. 140, as amended in Tariff Act October 1, 1890, c. 1244, § 54, 26 Stat. 624 [U. S. Comp. St. 1901, p. 1950], provided as follows:

"Any merchandise deposited in bond in any public or private bonded warehouse may be withdrawn for consumption within three years from the date of original importation on payment of the duties and charges to which it may be subject by law at the time of such withdrawal."

This section was amended by Act of December 15, 1902, c. 1, 32 Stat. 753 [ U. S. Comp. St. Supp. 1905, p. 420], by the addition of the following:

"Provided, that the same rate of duty shall be collected thereon as may be imposed by law upon like articles of merchandise imported at the time of the withdrawal."

In Mosle v. Bidwell, 130 Fed. 334, 65 C. C. A. 533, in discussing this act as amended, this court held that the amendment of 1902 was declaratory of the meaning of the statute prior to said amendment,

and that its meaning as thus declared was that no greater or different duties could be imposed than those to which other like goods imported at the time of withdrawal would be subject. We think this decision ·is conclusive upon the question herein. If other like goods had been im-.ported at the time when these goods were withdrawn, duty would have been assessed thereon according to their weight at such time. That this language should not be construed to mean the duties assessed on the original entry is shown by the language of section 2,970 of the United States Revised Statutes, which is as follows:

"Any merchandise deposited in bond in any public or private bonded warehouse may be withdrawn for consumption within one year from the date of the original importation on payment of the duties and charges to which it may be subject by law at the time of such withdrawal; and after one year from the date of the original importation, and until the expiration of three years from such date, any merchandise in bond may be withdrawn for consumption on payment of the duties assessed on the original entry and charges, and an additional duty of ten per centum of the amount of such duties and charges."

Section 20 of the customs administrative act, as shown above, reenacted the provision as to payment of duties on withdrawal. But in section 2970· the distinction is sharply drawn between "duties * * * ·to which it may be subject by law at the time of withdrawal" and "duties assessed on the original entry."

It is well settled that the importation is not complete while the goods remain in the custody of the officers of customs (Fabbri v. Murphy, 95 U. S. 191, 24 L. Ed. 468), and that the liquidation by the Collector is not necessarily final until after the goods have been delivered to the importer (Hartranft v. Oliver, 125 U. S. 525, 528, 8 Sup. Ct. 958, 31 L. Ed. 813).

The decision of the court below in G. Falk & Bro. v. United States is reversed.