Choate, D. J.
This case has been tried by the court upon a waiver of the jury. The facts are agreed.
The suit is to recover a balance of duties on goods imported by the defendant. The goods were imported and entered for warehouse September 29, 1874. On the twenty-eighth of *146 October, 1874, tbe duties were liquidated at $658.25. On the twenty-seventh of April, 1875, the duties were reliquidated at $783.35. Meanwhile, the goods had been withdrawn from warehouse and the goods delivered to the defendant, and the duties paid upon the basis of the first liquidation — the last delivery and payment of duty being on the ninth of February, 1875.
There was no fraud in the importation, entry or withdrawal of the goods, and no protest by the importer.
This action was commenced in June, 1876, to recover the balance of $125.10, being the excess of the second liquidation over the amount of the duties paid.
The entries which are made part of the agreed statement of facts show that the first liquidation was upon the basis of a duty of 25 per cent., and the second liquidation was on the basis of a duty of 40 per cent, upon that portion of the goods-which actually remained in warehouse after the eighth day of February, 1875, although the defendant had, on the twenty-fifth of January, signed and presented to the collector an entry for their withdrawal, under which they were delivered from warehouse and the duties paid on the ninth of February.
The point sought to be raised by the defendant is whether, under the act of February 8, 1875, (18 St. 307,) which imposed this increased duty on goods “in bonded warehouse” on the eighth day of February, these goods were, within the meaning of the law, “in bonded warehouse” on that day. The ground on which, as it is assumed by counsel, the duties werereliquidated at 40 per cent., was that they were, within the-meaning of the act, still in warehouse, while the defendant, contends that they had been withdrawn. It is, however, impossible to raise this question on this record. In the recent case of the United States v. Phelps it was held that the collector is authorized, notwithstanding the payment of duties upon a regular liquidation, and the delivery of the goods to the importer, to make a reliquidation, although the error sought to be corrected by such reliquidation is an error or a supposed error of law only. The circuit court held that the act of March 3, 1875, (18 St. 469,) did not restrict the power *147 so to reliquidaíe to a case where the purpose of the reliquidation was to correct an error of fact.
It is, however, insisted that because this action was commenced more than a year after the original entry of the goods it cannot be maintained. The argument is that the twenty-first section of the act of June 22, 1874, which provides that the settlement and payment of duties conformably to that section shall, “after the expiration of one year from the time of entry,” etc., “be final and conclusive,” limits the United States to one year for the commencement of a suit. But I think it is clear that this section contains no limitation upon the time within which an action can be brought on a re-liquidation of duties duly made by the collector within the year to which his authority to reliquidate extends, and that the reliquidation duly made determines the right of the United States to the duty as reliquidated, unless the importer protests and brings his action thereon in the mode provided by law.
Whether, if there is no reliquidation, but-an action is brought within the year for the larger duty, the United States could recover, is another question, which it is unnecessary to consider.
The plaintiff is entitled to judgment.