UNITED STATES *v.* GOLDBERG (No. 588).[1]

STATUTE OF LIMITATIONS.

Where an assessment had been protested and the entry had been retained for reliquidation, and on January 3, 1907, the collector proceeded to reliquidate the invoice in question and then again on December 4, 1908, would reliquidate the same invoice, a second reliquidation was barred. The protest had been satisfied by the reliquidation of January 3, 1907, the statute of limitations having begun then to run and more than one year having elapsed.—United States *v.* Leng (18 Fed. Rep., 15).

United States Court of Customs Appeals, May 29, 1911.

APPEAL from Board of United States General Appraisers, Abstract 24520 (T. D. 31182.)

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Leland N. Wood* on the brief), for the United States.

*Comstock & Washburn (Albert H. Washburn* of counsel) for appellee.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This is an appeal from the decision of the Board of General Appraisers sustaining the appellee's protest against a reliquidation of an entry by the collector of customs.

---

[1] Reported in T. D. 31664 (20 Treas. Dec., 1194).

The entry of the goods in question occurred January 31, 1898, and covered two invoices, numbered, respectively, 18637 and 18638. Four protests were filed, Nos. 5679, 5680, 5681, and 5682.

Protest 5682 related to piping or cord, contained in invoice 18637, which was assessed for duty at 60 per cent ad valorem and was claimed to be dutiable at 50 per cent. This protest was held by the collector to be valid and was retained for reliquidation under the authority of T. D. 4972 after the other three protests should have been passed upon by the Board of General Appraisers.

Protest No. 5679 was lodged against articles embraced in invoice No. 18638, and was sustained by the board, and the collector, on January 3, 1907, proceeded to reliquidate that part of the entry covered by invoice No. 18638 pursuant to this decision.

The collector also proceeded to reliquidate invoice 18637, covering articles on which the board had not acted, and in so doing committed a clerical error. This action was evidently taken for the purpose of answering the protest No. 5682, relating to piping or cord, and the reliquidation fully met the demand of the protestant, and by a clerical error went much further in reducing the amount of duty. Just what the protests Nos. 5680 and 5681 related to is not made very clear by the record. Government's counsel, however, apparently rely upon the force of protest No. 5682 as sustaining the right to the reliquidation which followed. This latter reliquidation occurred on December 4, 1908, the collector having discovered the error committed in the reliquidation of January 3, 1907. The board held, on the authority of United States *v.* Vandegrift (175 Fed. Rep., 772), that the reliquidation in question was improper and unauthorized, inasmuch as more than one year had elapsed after the entry. It may be added, more than one year had elapsed after the first reliquidation. More than this, it appears that the first reliquidation had fully satisfied protest 5682, the existence of which is relied upon by the Government as sustaining the right to reliquidate on the 4th of December, 1908.

Some criticism is made of the protest. We think, if subject to any criticism, it is that it restricts the court to the interpretation of section 21 of the act of June 22, 1874, and it is contended that this statute does not give the right of reliquidation after the lapse of a year from the date of entry. We think the protest sufficiently raises this question. We do not feel called upon to pass any opinion upon the question as to whether this statute has been modified by section 24 of the customs administrative act of 1890, corresponding to subsection 23 of section 28 of the act of August 5, 1909. Assuming that it has not, and that the limitation of section 21 to cases in which there is no protest applies, we have the question presented as to whether this protest which had been satisfied at the time of the

reliquidation of January 3, 1907, was any longer effective to stay the running of the statute of limitations as to reliquidation.   Section 21 of the act of June 24, 1874, reads as follows:

> Whenever duties upon any imported goods, wares and merchandise shall have been liquidated and paid, and such goods, wares and merchandise delivered to the owner, importer, agent or consignee, * * * such statement of duties shall, after the expiration of one year from time of entry, in the absence of fraud, and in the absence of protest by the importer, owner, agent or consignee, be final and conclusive upon all parties.

In the case of United States v. Leng (18 Fed. Rep., 15) the words of this statute, "in the absence of protest," were construed to mean "the absence of any existing protest pending and in force at the expiration of the year or at the date of the proposed reliquidation; that is, a protest upon which proceedings are then pending, or which may serve as the basis of some future appeal to the Secretary, or of some suit in the courts."

In that case the first reliquidation had taken place and a subsequent reliquidation was attempted after the lapse of a year from the time, and it was said:

> After the Secretary's first decision, and the reliquidation made under it, in accordance with the defendant's protest and appeal, no further protest or appeal, either to the Secretary or to the courts, was taken, or could be legally taken, by the defendant, because that decision had sustained all the defendant's claim as set forth in his protest; and by section 2931 that decision incontestably became "final and conclusive" upon him.   The former protest was, therefore, wholly spent; so that at the expiration of the year from the date of entry, there was no protest which had any vitality, or which could by any possibility become the basis of any further proceedings.   It had been completely disposed of by the Secretary's decision and order sustaining it, and by the reliquidation under that order, and the settlement and payment made in accordance with it.

The case of Kendall v. Lyman (161 Fed. Rep., 652) appears to be in conflict with this reasoning, but we think the case of United States v. Leng states the better rule.   Referring to Kendall v. Lyman, the Circuit Court of Appeals for the Third Circuit, in Klumpp v. Thomas (162 Fed. Rep., 853), says:

> Assuming, for argument's sake, that such statute applies where protests are filed, though the contrary has been held in Kendall v. Lyman (161 Fed. Rep., 652), it is clear to us that no limitation would run while a protest was pending and undecided.   Statutes of limitation are statutes of repose, and are based on the likelihood that inaction for a protracted period would not occur unless a settlement had been made.   But where litigation is going on, where the parties are using legal proceedings to effect a settlement, it would be at variance with the principles underlying limitations to hold that such statutes were then running.   Hence the doctrine that the bringing of a suit suspends the running of a statute.   "Fraud, or the pendency of a protest which tends to retard the proceeding, extends the time."   United States v. Fox (D. C., 53 Fed. Rep., 536).

Applying this rule to the case in hand, there would be authority for saying that so long as the protest No. 5682 was in force the

statute of limitations would not run against the right to reliquidate. But when that became satisfied by the first reliquidation, if we should treat such reliquidation as an original settlement, there would be no authority for extending the time for nearly two years to permit of a second reliquidation.

It follows that the decision of the Board of General Appraisers should be *affirmed*. It is so ordered.