STONE & DOWNER CO. ET AL. *v.* UNITED STATES (No. 3409)[1]

United States Court of Customs and Patent Appeals, March 28, 1932

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

An application for rehearing has been filed by appellants herein, calling attention to several points which are claimed to have been

[1] T. D. 45575.

overlooked or misapprehended by the court in its determination of this appeal. None of these points seems to warrant any further discussion than appears in our former decision, except that in reference to the application of the statute of limitations of June 22, 1874, chapter 391, section 21, 18 Stat. 190, which was made by way of supplementary memorandum after the oral argument had been made.

This section, which counsel agree applies to the importation at bar, is as follows:

Sec. 21. That whenever any goods, wares, and merchandise shall have been entered and passed free of duty, and whenever duties upon any imported goods, wares, and merchandise shall have been liquidated and paid, and such goods, wares, and merchandise shall have been delivered to the owner, importer, agent, or consignee, such entry and passage free of duty and such settlement of duties shall, after the expiration of one year from the time of entry, in the absence of fraud and in the absence of protest by the owner, importer, agent, or consignee, be final and conclusive upon all parties.

Appellants claim that the reliquidations of the entries in question here on October 6, 1924, were more than one year after the dates of the respective entries, are hence barred by said statute, and that this court has failed to decide that point. In support of this proposition various authorities are cited, but principal reliance is placed upon our decision in *Bertrose Co.* v. *United States*, 12 Ct. Cust. Appls. 19, T. D. 39893.

It is stated by Government counsel, and not controverted by counsel for the appellants, that protests were filed by the appellants within four months from the time of filing the original entries herein.

This being concededly true, the filing of the protests had the legal effect of suspending the running of the said statute of limitations. The statute did not again begin to run until the date of reliquidation in conformity with the protest, namely, October 6, 1924. The reliquidation, being upon the same day, was within the one year provided by the statute. This view is amply sustained by *United States* v. *Goldberg*, 2 Ct. Cust. Appls. 140, T. D. 31664; *Klumpp* v. *Thomas*, 162 Fed. 853. The *Bertrose* case, *supra*, is not in point, as no protest was filed or pending in that case while the statute of limitations was running.

The facts as to the delivery of the goods in entry 1660 are not sufficiently disclosed by the record so that it can be said there was any error committed in respect to that entry. In fact, counsel have treated this entry as if the same legal principles are applicable thereto as in the case of the other entries.

The petition for rehearing is *denied*.