STEIN, HALL & CO. *v.* UNITED STATES (No. 2099).[1]

NOTICE OF LIQUIDATION—ERROR WITHOUT INJURY.

Where it is shown that demand for the payment of liquidated duties had been complied with, a protest filed more than 30 days after payment is too late, as it must have been filed more than 30 days after receiving actual notice that the liquidation had been made. Under such circumstances, it becomes immaterial whether or not notice of liquidation was given in the form and manner prescribed by articles 615, 616, and 641, Customs Regulations of 1915.

United States Court of Customs Appeals, November 16, 1921.

APPEAL from Board of United States General Appraisers, G. A. 8411 (T. D. 38626).

[Affirmed.]

*Gerry & Wakefield* for appellants.

*Wm. W. Hoppin,* Assistant Attorney General (*Harry M. Farrell,* special attorney, of counsel), for the United States.

[Oral argument Oct. 5, 1921, by Mr. Wakefield and Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

BARBER, Judge, delivered the opinion of the court:

This appeal, while in form involving the classification of certain merchandise, really raises only a question as to the timeliness of the protest.

At the first hearing before the Board of General Appraisers the Government moved that the protest be dismissed because not filed in time. At the request of importers, however, evidence was taken on the question of classification.

As to that issue the board was of opinion that if the protest had been timely it was well taken. It held, however, that the protest was not filed in time and dismissed the same. Whether its judgment on that issue was or was not correct is, as stated, the only question here.

The entry was made at Tacoma, Wash., a subport of Seattle. The estimated duties were paid upon entry. Upon final liquidation the duties were increased, as we understand from the papers, because the merchandise was so classified by the customs officials as to take a higher rate than that estimated upon entry. It appears that liquidations of such entries are made at Seattle, and importers claim here that the directions of the Treasury Department, as to notice of liquidation as set forth in Customs Regulations of 1915, articles 615, 616, and 641, were not sufficiently complied with to constitute as to them the notice of liquidation to which they were entitled.

The Board of General Appraisers, without deciding this question, based its dismissal of the protest upon the following facts, about which there seems to be no controversy:

[1] T. D. 38937.

The final liquidation was made September 23, 1918, resulting in an increase of the liquidated over the estimated duties of $766.45. A notice was posted in the customhouse at Tacoma March 23, 1920, and the evidence of the Government tended to show that notice by mail of the liquidation was also given to the importers, as provided in the regulations referred to, but this notice, the evidence tends to show, the importers did not in fact receive, and they claim that the posted notice was insufficient.

There is no controversy, however, that the liquidated duties were paid by the importers April 10, 1919, and that the protest was tendered not earlier than May 14, following (it was stamped as received on May 20), so that whether it be regarded as made on May 14 or May 20, it would be more than 30 days after the liquidation and also more than 30 days after the liquidated duties were paid.

The Government gave evidence, which was not controverted, that demand for the payment of the increased duties was made upon the importers by a deputy collector of customs at Tacoma several times after the liquidation was made.

The Board of General Appraisers, without passing upon the question as to whether the customs regulations referred to had been fully complied with, held that "the importer must have received actual notice, because without actual notice he would never have made the payment," evidently regarding it as immaterial whether the notice provided for in the regulations had or had not been given, upon the theory either that the actual notice was sufficient, or that by the payment of the increased liquidated duties in the time and manner above pointed out a waiver of notice or the sufficiency thereof might be inferred.

We think the action of the board should be sustained.

It is apparent from the foregoing statement that importers did not tender or file a protest within 30 days from the date of liquidation as required by the statute, and, of course, their claimed excuse therefor is that they did not have the prescribed notice of such liquidation. Passing that question, however, it is quite obvious that in some manner, and at some time, they did receive notice of the liquidation, because they, in fact, paid the duties as liquidated.

The view of the whole matter most favorable to the importers that could be entertained would be to hold that if the posted notice of liquidation was not sufficient, this case should be disposed of as if the final liquidation were made as of the date of the payment of the duties thereby ascertained. In saying this we do not hold that the importers are legally entitled to this view. So assuming, however, for the purposes of this case only, it transpires that even then the protest was not filed within 30 days from final liquidation, and no excuse for the delay in protesting, or reason why protest was not

filed within 30 days from April 10, 1919, is alleged or shown by the importers. We think that at the time they paid the liquidated duties, in view of the circumstances in this case, it is fair to presume that they acted understandingly and knew what they were paying for and why. It therefore became incumbent upon them, whether they had received any prior notice of liquidation or not, to tender a protest within 30 days from the time of such payment, if they desired to contest the legality of the liquidation. The protest not having been filed was too late.

The authorities relied upon by the importers are not, as we understand them, inconsistent with this conclusion.

The judgment of the Board of General Appraisers is *affirmed.*