UNITED STATES *v.* FENSTERER & RUHE ET AL. (No. 2391).[1]

1. SHORTAGE.

   Three cases of merchandise were entered for warehouse October 10, 1919, under the tariff act of 1913. As to one of these cases the appraiser reported bad order and shortage. On July 28, 1920, duty was assessed on this case without protest and without allowance for shortage. On November 22, 1919, a warehouse withdrawal for exportation of this case and one of the others was filed, and they were exported December 18, 1919. On January 9, 1922, a warehouse withdrawal for consumption was filed for the remaining case. Withdrawal was made September 25, 1922, and the collector reliquidated the entry January 9, 1923, under the tariff act of 1922. The importers protested, claiming, as to this reliquidation, the shortage in the case which had been exported. There is no question of shortage as to the remaining case, and the protest was properly overruled.

2. RELIQUIDATION IS DE NOVO.

   A reliquidation is a new liquidation and an abandonment of all former ones. It is subject to protest just as the first liquidation was.

3. RELIQUIDATION THE ACT OF COLLECTOR.

   Reliquidation is the act of the collector, whether made under paramount authority or ex mero motu; and is subject to protest.

4. SHORTAGE—ALLOWANCE MANDATORY.

   Where the appraiser reported a shortage, an allowance therefor was mandatory on the collector under the tariff act of 1913 (R. S. 2921).—United States *v.* Lippmann et al. (11 Ct. Cust. Appls. 336; T. D. 39145). Such is also the case under section 499, tariff act of 1922.

---

[1] T. D. 40586.

5. Goods in Warehouse Before, and Withdrawn Under, the Act of 1922—Reliquidation.

Where goods were imported and warehoused under the tariff act of 1913, but withdrawn after the act of 1922 went into effect, it became the duty of the collector to reliquidate, in accordance with the direction of section 319 of the later act.

6. Shortage—Conflict of Laws.

Where goods were imported and warehoused under the act of 1913 and withdrawn under the act of 1922, it became the collector's duty, in reliquidating under the later act, to allow the shortage which had been reported by the appraiser upon importation.

United States Court of Customs Appeals, December 17, 1924

Appeal from Board of United States General Appraisers, Abstract 46956

[Affirmed in part; reversed in part.]

*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and *Charles D. Lawrence,* special attorneys, of counsel), for the United States.
*Sharretts, Coe & Hillis* (*Edward P. Sharretts* of counsel) for appellees.

[Oral argument Nov. 14, 1924, by Mr. Lawrence and Mr. Sharretts]

Before Graham, Presiding Judge, and Smith, Barber, Bland, and Hatfield, Associate Judges

Barber, Judge, delivered the opinion of the court:

This case involves two protests by different importers. They were heard and decided together before the Board of General Appraisers, and also included in one appeal here.

We are indebted to counsel for a clear statement of the facts in the respective cases, which, without their assistance would, perhaps, have been difficult for us to ascertain from the files and record in the case.

No evidence was introduced at the hearing of the protests before the Board of General Appraisers.

The protest of Fensterer & Ruhe relates, it appears, to one case of merchandise numbered 545 which, with two other cases, was entered for warehouse on the 10th day of October, 1919, under the tariff act of 1913. The appraiser duly reported to the collector that case number 545 was received in bad order and that 150 pieces were missing therefrom. That this shortage, in fact, existed is not denied.

July 28, 1920, the entry was liquidated and duty assessed on the invoiced contents of case 545, no allowance being made for the shortage therein.

The importers did not protest this liquidation.

Under date of November 22, 1919, the importers filed a warehouse withdrawal for exportation of case 545 (the one reported short) and one other case, and the same appear to have been actually exported December 18 following. This left remaining in the warehouse case

503, concerning which no shortage was ever reported or is claimed. It remained there until after the act of 1922 took effect.

Under date of January 9, 1922, the importers filed a warehouse withdrawal for consumption for case 503, but did not actually withdraw it and pay duty until September 25, 1922, when the act of 1922 was in force.

On January 3, 1923, the collector reliquidated the entry under the act of 1922, applying the rate of duty therein prescribed to the merchandise contained in case 503, which reliquidation the importers duly protested.

The question here is whether on that protest an allowance can be had for the shortage in case 545 which had been withdrawn for exportation and actually exported December 18, 1919.

It thus appears that this reliquidation of the collector under the act of 1922 related solely to the contents of case 503, concerning which there was no shortage.

Under these conditions the protest against this reliquidation of the entry as to case 503 can present no question of shortage in case 545, which had been exported December 18, 1919, more than two years before the act of 1922 took effect and more than three years before the liquidation complained of.—Jacot v. United States (84 Fed. 159).

As to the protest of Fensterer & Ruhe, therefore, the same was properly overruled.

The protest of Gross Bros. & Co. presents a different state of facts. There the merchandise was entered for warehouse October 23, 1920, and consisted of only one case. The appraiser reported that 15 items of the invoiced contents of this case were missing, and that such shortage existed is not denied.

The entry was liquidated November 7, 1921, under the act of 1913, and duty was assessed but not paid on the invoiced contents of the case, no allowance being made for the shortage. Importers did not protest the liquidation. This case remained in the warehouse until after the act of 1922 became effective, when the collector reliquidated the entry under the provisions of that act, and again made no allowance for the shortage.

Importers seasonably protested this liquidation, claiming an allowance should have been made for the shortage.

It was the mandatory duty of the collector when he liquidated the entry under the act of 1913 to make an allowance for shortage.— United States v. Lippmann et al. (11 Ct. Cust. Appls. 336; T. D. 39145) and cases cited.

That duty is likewise imposed upon the collector by section 499 of the tariff act of 1922.

So far as the record here shows, there was no report to him by the appraiser after the act of 1922 took effect that there was a shortage

in the contents of the case. That fact, however, had been already established, and the collector by disregarding it in his liquidation under the act of 1913 could not thereby vest in himself the right to again disregard it at a later reliquidation, if one became necessary under the statute.

The collector, therefore, when he reliquidated this entry under the act of 1922 was bound to allow the shortage. If he had seen fit to cause the case to be reexamined before his second liquidation, and upon such examination it had clearly appeared (if possible) that there was no shortage, a different question would present itself; probably it would not, however, reach this court.

The Government argues at length that the reliquidation under the act of 1922 was not a voluntary liquidation by the collector and so not subject to challenge by protest, likening it to reliquidations pursuant to the mandate of the Board of General Appraisers or other paramount authority.

This contention can not be upheld. The last liquidation, like the first, was made necessary by the statute. Such liquidations have always been regarded as the voluntary act of the collector, and it has often been held that when the collector reliquidates an entry pursuant to the statute the last reliquidation is regarded as an abandonment of all former ones and is subject to protest.—United States *v.* Godchaux Sugars, Inc. (11 Ct. Cust. Appls. 529; T. D. 39678).

Section 319 of the act of 1922 subjected the merchandise covered by the protest of Gross Bros. & Co. to the duties provided for in that act to determine which, of course, the collector must reliquidate.— Bertrose Co. *v.* United States (12 Ct. Cust. Appls. 19; T. D. 39893).

No claim is made that either the reliquidation under the act of 1922 or the protest against the same was not timely.

In fairness to the Board of General Appraisers it should be said. and the parties hereto agree, that it proceeded upon the theory that the questions raised by the two protests in this case were the same The difference therein we have already pointed out.

So far, therefore, as the judgment below sustained the protest of Fensterer & Ruhe, its judgment is *reversed,* and so far as it sustained the protest of Gross Bros. & Co. it is *affirmed.*