UNITED STATES *v.* NEWMAN (No. 2485)[1]

CONFLICT OF LAWS.

> Under the rule of *United States* v. *Fensterer & Ruhe et al.,* 12 Ct. Cust. Appls. 410, T. D. 40586, a reliquidation under the act of 1922, as to goods in warehouse at the time the act became effective could have no effect on a portion of the entry which had been withdrawn and duty paid before the act became effective.

United States Court of Customs Appeals, May 11, 1925

APPEAL from Board of United States General Appraisers, Abstract 47846

[Reversed.]

*William W. Hoppin,* Assistant Attorney General (*Charles D. Lawrence* and *Reuben Wilson,* special attorneys, of counsel), for the United States.

No appearance for appellee.

[Oral argument March 30, 1925, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

This is an appeal from the judgment of the Board of General Appraisers which overruled the protest of importer as to all entries in question except the protest which applied to case 27, covered by invoice No. 1206, entry W. H. B. No. 30843, which was sustained.

There was no evidence in the case except the incorporation of the collector's letter.

In the board's decision it said:

> From the report of the collector we gather that the foreign currency was reduced to United States money in accordance with the Federal reserve rates for the outland Austrian crown on the dates of shipment, whereas it should have been based on the rates for the inland Austrian crown as to invoice 1206.

Just why the inland Austrian crown should have been taken instead of the outland Austrian crown is nowhere pointed out in the decision of the board, in the letter of the collector, or in the Government's brief. No appearance was made by importer in this court.

[1] T. D. 40940.

The decision of the board states that the entry was liquidated April 10, 1922, that a reliquidation was made January 4, 1924, and that protest was lodged February 25, 1924. It further states:

It appears that a reliquidation was made January 4, 1924, under the act of 1922 to cover goods remaining in bonded warehouse, duties unpaid, when said act became effective.

The Government, however, has pointed out in its very much abbreviated brief that, according to the indorsement on the face of the entry, the goods represented by invoice No. 1206 were withdrawn from the warehouse on December 14, 1921, which was, of course, prior to the act of 1922 and prior to the filing of the protest on February 25, 1924. The Government has pointed out that the board seemingly overlooked this fact in sustaining the protest.

An examination of the entry referred to discloses that invoice No. 1206, included in entry W. H. B. No. 30843, was withdrawn December 14, 1921. On the back of the entry we find the following: "Case 27, withdrawn 12/14/21." On the face of the entry, under that part of the same referring to invoice No. 1206, we find, "Case 27. Duty paid December 13, 1921. Delivered from C. H., December 14, 1921," which is signed by some one on the 28th day of December, 1924.

Unless some showing was made to the contrary in this court, we would be compelled to conclude that the particular invoice No. 1206, concerning which the protest was sustained, had been withdrawn and was not reliquidated after the passage of the act of 1922, and that the board was in error in sustaining the protest, no doubt having overlooked the date of its withdrawal.

The question arising concerning the conversion of the currency as to this invoice, it seems clear, could not be affected in any way by the act of 1922, nor the subsequent reliquidation on warehouse goods which were a part of the entry. The mere fact that a portion of the entry was reliquidated in 1924, under the late decision of this court *United States* v. *Fensterer & Ruhe et al.,* 12 Ct. Cust. Appls. 410, T. D. 40586, would not in any way change the status of that portion of the entry which had been withdrawn before the passage of the act.

The protest, therefore, should have been overruled as to that portion of the entry covered by invoice No. 1206. The board having overruled the protest as to the other parts of the entry, and no appeal having been taken by the importers, we are not called upon to make any decision with reference to it. The judgment of the Board of General Appraisers as to that part of the protest involving invoice No. 1206 is *reversed.*