UNITED STATES *v.* ANDREWS & Co. (INC.) (No. 2666)[1]

DECISION, DEMAND FOR PAYMENT NOT—PROTEST, TIME FOR.

Goods were imported and warehoused and part of them exported, all under the tariff act of 1913. At the time of the exportation the collector called for payment of duty on the rest, whereupon importer protested, claiming shortage. Demand for payment of duties previously assessed was not a decision; and the protest, being more than 30 days after the liquidation, was barred. Par. N, Sec. III, tariff act of 1913.

[1] T. D. 41576.

## United States Court of Customs Appeals, May 1, 1926

APPEAL from Board of United States General Appraisers, Abstract 49883

[Reversed.]

*William W. Hoppin* and *Charles D. Lawrence,* Assistant Attorneys General (*Ralph Folks,* special attorney, of counsel), for the United States.

No appearance for appellee.

[Oral argument January 22, 1926, by Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

On September 30, 1920, D. C. Andrews & Co., the appellee, imported one case of pongee silk. The invoice described the case as containing 30 pieces, and the entry was made accordingly. The following report of the collector, which was admitted in evidence before the court below, and upon which the case was there submitted, shows the essential facts about the importation:

DECEMBER 30, 1922.

Respectfully referred to the Board of United States General Appraisers for decision.

Discharging inspector indorsed G. O. ticket as follows: Case recoopered, corded, and sealed. Weight, 183 lbs.

The appraiser states case marked bad order, not corded and sealed; top evidently opened and robbed.

The bill of lading states weight of the case as 150 lbs.

Invoiced as 30 pieces weighing 15,370 mommes, which equals 127 lbs.

*Appraiser found 9 pieces weighing 4,554 mommes,* equal to less than 38 lbs. *Duty was assessed on the invoice and entered quantity.* (Note T. D. 38393.)

The entry was liquidated Nov. 30, 1921. The protest was lodged Sept. 9, 1922, more than 30 days thereafter, and not in time. (Note Par. N, sec. 3, act of 1913.)

The case was subsequently exported from bonded warehouse, and by notice sent to importer on Sept. 5, 1922, *demand was made on him for payment of duty on 23 pieces not exported.*

The duty thereon is $466.65.

The protest fee was duly paid.

(The italics are ours.)

On September 8, 1922, the importer filed a formal protest with the collector, in and by which importer claimed in substance that duty should not have been imposed or collected upon that portion of the silk not actually imported, as shown by the appraiser's return, and that upon exportation of the nine pieces of silk, all that were actually imported, no further duties or exactions could lawfully be collected from or imposed upon importer. The collector adhered to his original assessment of duty, the matter was forwarded to the Board of General Appraisers, and the protest was there sustained. From that judgment the Government has appealed.

But one question is involved here, namely, whether the demand for duties made by the collector on September 5, 1922, was a protestable order or decision of the collector.

The goods in question were entered for warehouse. Although the appraiser found only nine pieces of silk, and so advised the collector, the collector liquidated the entry on November 30, 1921, and assessed duties upon the invoiced amount. The statute in force at the time was paragraph N of Section III of the tariff act of October 3, 1913, the relevant portion of which is:

N. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, or upon merchandise on which duty shall have been assessed, including all dutiable costs and charges, and as to all fees and exactions of whatever character (except duties on tonnage), shall be final and conclusive against all persons interested therein, unless the owner, importer, consignee, or agent of such merchandise, or the person paying such fees, charges, and exactions other than duties, shall, within thirty days after but not before such ascertainment and liquidation of duties, as well in cases of merchandise entered in bond as for consumption, or within fifteen days after the payment of such fees, charges, and exactions, if dissatisfied with such decision imposing a higher rate of duty, or a greater charge, fee, or exaction, than he shall claim to be legally payable, file a protest or protests in writing with the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon.

In a line of well-considered cases it has been held that where the imposition in question consists of duties, as in the case at bar, protest must be filed within 30 days after the ascertainment and liquidation of the same, whether the entry be for consumption or warehouse. T. D. 27962, 13 Treas. Dec. 286; T. D. 34696, 27 Treas. Dec. 110; *Sheldon* v. *United States*, 8 Ct. Cust. Appls. 215; *Kennedy & Moon* v. *United States*, 9 Ct. Cust. Appls. 49.

There was but one liquidation of the entry in the case at bar, that of November 30, 1921. Of that liquidation, the importer had notice. *Stein, Hall & Co.* v. *United States*, 11 Ct. Cust. Appls. 137. It was his duty to protest within 30 days thereafter, if he complained of the assessment of duties by the collector on his imported goods. If there had been a change of law while his goods were in warehouse, and a different rate had been made applicable by the new law, then a reliquidation would have followed and a different question would be presented. *Taylor & Co.* v. *United States*, 11 Ct. Cust. Appls. 15; *United States* v. *Fensterer & Ruhe*, 12 Ct. Cust. Appls. 410. But all the transactions here were under the provisions of the tariff act of October 3, 1913, and hence no necessity for a reliquidation arose.

The demand of the collector upon the importer for duties under date of September 5, 1922, was nothing more than a communication to the importer in the course of the administration of the business of the collector's office and can not be (under the authority of the cases

hereinbefore cited) taken as "exactions of whatever character," as mentioned in said paragraph N.

The appellee does not appear in this court and we hence do not have the advantage which a presentation of the law and facts by the appellee might give us.

The judgment of the Board of General Appraisers should be, and the same is hereby, *reversed.*