SCHERK IMPORTING Co. *v.* UNITED STATES (No. 3164)[1]

[1] T. D. 43470.

United States Court of Customs and Patent Appeals, June 13, 1929

*James W. Bevans* for appellant.
*Charles D. Lawrence*, Assistant Attorney General (*Ralph Folks*, special attorney, of counsel), for the United States.

[Oral argument May 15, 1929, by Mr. Bevans and Mr. Folks]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, and GARRETT, Associate Judges [1]

GRAHAM, Presiding Judge, delivered the opinion of the court:

Scherk Importing Co., the appellant, made four importations of goods at the port of New York, which it entered for warehousing as follows: B–78683 on March 31, 1923; B–76881 on March 26, 1923; B–81891 on May 8, 1923; B–83632 on March 25, 1923. These entries were liquidated by the collector, respectively, on the following dates: December 5, 1923, August 12, 1926, April 18, 1924, and February 14, 1924. The goods, having all remained in warehouse over three years, were sold by the collector under the provisions of section 559 of the Tariff Act of 1922, said sales being had, respectively, the first two on October 5, 1926, and the last two on April 5, 1927. After said sales it appeared that the goods, in all instances, had not sold for sufficient sums to pay the amounts of the estimated duties thereon, as fixed by the aforesaid liquidations. Thereupon the collector, through a deputy, deducted the proceeds of the sales from the amounts of said liquidated duties and sent written demands to the importer for the various balances, or deficits, claimed to be due the Government. Thereupon the importer filed two protests with the collector, covering all of said entries, the protests being each substantially in the following form:

We hereby protest against your exactions of June 20th, 1927, and June 24th, 1927, in connection, respectively, with Warehouse Entry No. 81981, May 8th, 1923, and Warehouse Entry No. 83632, March 25th, 1923, the amounts specified by you in these demands being the differences between the duties and the amounts received by you from the sale of such merchandise.

This merchandise was entered for warehouse under section 557 of the Tariff Act of 1922, and was abandoned to the Government under the provisions of section 559, by failure of the importer to withdraw the same from warehouse within three years from the date of importation.

It is our contention that there is no authority of law for your action in demanding from this importer any amounts in connection with these entries, inasmuch as the merchandise was abandoned to the Government under said section 559 and the law does not contemplate or authorize you to proceed against an importer for any deficiency upon the sale of abandoned merchandise.

---

[1] LENROOT, Judge, did not participate in this decision, the case having been argued before he took his seat.

Some claim is made here that these protests were not filed within the statutory period of 60 days after the receipt of said demands from the collector, but, in the view of the case which we take, that point becomes immaterial.

The collector refused to review his action, and the protests duly went to the court below, where, after a hearing and upon motion of the Government, they were severally dismissed. The importer has appealed from that judgment and alleges many errors. On analysis it is found that the issues are very simple.

It is conceded that appellant was duly notified of the various liquidations of the warehouse entries made by the collector and no attempt was made by him to protest the same within the statutory period of 60 days thereafter. Section 514 of the Tariff Act of 1922, providing for the filing of protests is as follows:

SEC. 514. PROTEST.—All decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs revenue laws, and his liquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation when liquidation is made more than ten months after the date of entry, shall be final and conclusive upon all persons, unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation or decision, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, or decision, the reasons for the objection thereto, and if the merchandise is entered for consumption shall pay the full amount of duties, charges, and exactions ascertained to be due thereon.

Various contentions are made by appellant. It is insisted that warehouse entries can not be liquidated until the goods are withdrawn; that the pretended liquidations here were null and void; that no liquidation can be made of entries where goods are abandoned under said section 559, but that the Government must take the proceeds of the sale of the abandoned goods and be satisfied; that, section 2964 of the Revised Statutes being expressly repealed by the Tariff Act of 1922, there remains no legal authority to liquidate a warehouse entry until time of withdrawal for consumption.

All these are interesting questions, but, in our view of the matter, not directly involved here. When the importer was legally notified that his warehouse entries had been liquidated, he had, clearly, the right to protest. He might protest either the classification or the legality of the liquidation. If, as is asserted here, the liquidations were invalid, then that question might properly form the basis of a protest and the importer might have had, through the courts, his adequate remedy. Yet he chose not to protest.

In his protests and in his argument to this court, no complaint is made as to the liquidations, except as to their legality. In appellant's argument in the court below the record discloses that the counsel for appellant stated, among other things:

We are not protesting against the amount of duty that the collector found out on this liquidation, whether rightfully or wrongfully. * * * that is the subject of our protest, as to what the collector shall do when the goods are sold.

We are of opinion that all the questions as to the legality of the liquidations of the warehouse entries raised here might have been made the subject of protest at those times, and, no protests having been filed, the appellant is concluded as to his right to protest under said section 514, unless the subsequent proceedings may be considered as such an exaction by the collector as will give the appellant a further right to so protest the same.

In *United States* v. *McCoy*, 5 Ct. Cust. Appls. 264, T. D. 34445, this court discussed the functions of a protest under the provisions of the Tariff Act of August 5, 1909. We said:

Under the act of 1890 and the like provision in 1909, the claim in writing (protest) was something more than a registering of dissatisfaction to the end of preserving rights if a *future* action should be taken. It was itself the institution of a proceeding to test the validity of the action of the collector and partook of the nature of a pleading, and was so treated and construed.

The same might well be said of the protest as provided for in said section 514.

It is plain that the demands of the collector were not such exactions. In *United States* v. *Andrews & Co.*, 14 Ct. Cust. Appls. 62, T. D. 41576, we were considering a demand made by the collector for a balance of duties owing on warehoused goods. This was under paragraph N of Section III of the Tariff Act of October 3, 1913, which, as regards its reference to exactions, is substantially the same as section 514 of the Tariff Act of 1922. We there said:

There was but one liquidation of the entry in the case at bar, that of November 30, 1921. Of that liquidation, the importer had notice. *Stein, Hall & Co.* v. *United States*, 11 Ct. Cust. Appls. 137. It was his duty to protest within 30 days thereafter, if he complained of the assessment of duties by the collector on his imported goods. If there had been a change of law while his goods were in warehouse, and a different rate had been made applicable by the new law, then a reliquidation would have followed and a different question would be presented. *Taylor & Co.* v. *United States*, 11 Ct. Cust. Appls. 15; *United States* v. *Fensterer & Ruhe*, 12 Ct. Cust. Appls. 410. But all the transactions here were under the provisions of the Tariff Act of October 3, 1913, and hence no necessity for a reliquidation arose.

The demand of the collector upon the importer for duties under date of September 5, 1922, was nothing more than a communication to the importer in the course of the administration of the business of the collector's office and can not be (under the authority of the cases hereinbefore cited) taken as "exactions of whatever character," as mentioned in said paragraph N.

This statement of the law is equally applicable here. It follows that the court below did not err in dismissing the protests of appellant.

It appears from the record that a suit is now pending in the United States District Court upon the importers warehousing bond, to recover judgment for the deficiency claimed to result from the difference between the amount recovered at the sale of the abandoned goods and the amount of the liquidated duties. The questions of the validity of the original liquidation and of the legal right of the Government to recover any such deficiency can and doubtless will be raised by the pleadings in that case, and adjudicated. We are not here and now attempting to pass on these questions, but limit our decision only to the precise questions presented to us and directly involved.

The judgment of the court below is *affirmed*.