**HIRAM WALKER & SONS, Inc., v. UNITED STATES.**

**No. 4080.**

Court of Customs and Patent Appeals.

Nov. 22, 1937.

On Rehearing May 31, 1938.

B. A. Levett, of New York City (Val C. Guenther, of Peoria, Ill., of counsel), for appellant.

Charles D. Lawrence, Acting Asst. Atty. Gen. (Richard E. FitzGibbon, of New York City, of counsel), for the United States.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

BLAND, Associate Judge.

On December 19, 1933, appellant entered for warehousing twenty-six barrels of rye whiskey, imported from Canada. According to the report of the Government gauger, the whiskey then amounted to 1,473.66 gallons. On March 21, 1934, the Collector of Customs liquidated the entry upon the basis of the gauger's return. On March 27, 1936, the whiskey was regauged, at the request of the importer, and 1,368.50 gallons were found to remain in the barrels. There being uncontradicted testimony to show that the barrels were not tampered with, and that there was no leakage, the difference of 105.16 gallons is claimed to be due to evaporation. On March 28, 1936, the appellant withdrew the 1,368.50 gallons of whiskey but was required to pay duty on the basis of the original gauge—1,473.66 gallons. Within sixty days after such payment (not sixty days after liquidation), the importer filed a protest against the liquidation and assessment of duties.

The protest section, 514, of the Tariff Act of 1930, 19 U.S.C.A. § 1514, reads as follows:

"Sec. 514 [§ 1514]. *Protest against collector's decisions.*

"Except as provided in subdivision (b) of section 516 of this Act [section 1561 of title] (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions

excluding any merchandise from entry or delivery, under any provision of the customs laws, and his' liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the persons paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation."

The protest is grounded upon the contention that the whiskey which had evaporated did not enter into the commerce of this country and constituted a non-importation; that no duties or other charges were properly assessable upon the merchandise which had evaporated; and that no duties or other charges could be legally assessed upon a greater quantity than the actual quantity of said merchandise withdrawn from the warehouse.

During the trial in the court below, counsel for the Government moved to dismiss the protest on the ground that it was not filed within sixty days after liquidation. The United States Customs Court, Third Division, sustained the motion and dismissed the protest, and from its judgment this appeal has been taken.

The appellant thus states the issue:

"The first issue, before this court is therefore as to the timeliness of the protest.

"The merits of the case are also at issue based upon the accepted principle that where the law or the facts have changed between the time of entry of goods for warehouse and the time of their withdrawal, assessment of duty is in accordance with the change of law or of the facts, unless expressly precluded by statute."

Appellant relies as supporting authority for its position taken here largely upon the cases of Taylor & Co. et al. v. United States, 11 Ct.Cust.App. 15, T.D. 38636; Barney v. Rickard, 157 U.S. 352, 15 S.Ct. 642, 39 L.Ed. 730; American Cigar Co. v. United States, 2 Cir., 146 F. 484, and other cases not necessary to cite here.

The Government takes the position that there is but one liquidation and that there was no demand for a reliquidation and in substance that a requirement by the collector that the full amount of duties be paid, based upon the first gauging, is not an exaction or other action on the part of the collector which is subject to review and relies upon the following cases: United States v. Andrews & Co., Inc., 14 Ct.Cust. App. 62, T.D. 41576; Scherk Importing Co. v. United States, 17 C.C.P.A., Customs, 135, T.D. 43470; Wood & Selick, Inc., v. United States, 24 C.C.P.A., Customs, 355, T.D. 48804, and other cases which are not pressed as being of controlling importance.

Appellant when confronted with the force of the decisions relied upon by the Government insofar as they hold that a demand long after liquidation for money which the collector claims to be due is not an exaction within the meaning of the statute seeks to invoke the principle announced in some of the cited cases that where goods have been entered for warehousing and permitted to remain there until there was a change of law or a change of facts resulting in a disadvantage to the importer, it becomes the duty of the collector to reliquidate and his failure to do so is protestable under the statute.

In the case at bar there was but one liquidation. There was no demand for a reliquidation (we do not suggest that the absence of a demand in this case is important because it will be noticed that the statute which is hereinbefore quoted permits protest for a "refusal to reliquidate any entry" only in case of "a clerical error." It is not claimed that there was any clerical error involved in the facts of this case). There is nothing in the record before us which shows that the collector made a demand for the duty on the 105.16 gallons except such demand as may be implied from the only liquidation in the case.

Obviously, appellant was required to pay the full amount of duty based upon the gauger's original report before obtaining its goods, but even if the collector had made a demand for an unpaid balance represented by the duty on the evaporated whiskey, under the decisions of this court hereinafter discussed such a demand is not an exaction or other decision which entitled the party withdrawing the goods to file a protest under any provision of the tariff act after the expiration of sixty days from the only liquidation made by the collector.

In United States v. Andrews & Co., Inc., supra, the importer, as here, entered its goods for warehousing. The goods consisted of thirty pieces of silk. About one year after entry the collector liquidated on the entered quantity. Thereafter the importer received permission to export all of the merchandise. Only nine pieces of the imported silk were found in the warehouse and they were exported. Sometime thereafter, the collector demanded payment of duty on the remaining pieces not exported. The importer promptly filed a protest claiming that no duty attached to merchandise not actually imported. The United States Customs Court sustained the protest. This court reversed its holding and said:

"In a line of well-considered cases it has been held that where the imposition in question consists of duties, as in the case at bar, protest must be filed within 30 days after the ascertainment and liquidation of the same, whether the entry be for consumption or warehouse. T.D. 27962, 13 Treas.Dec. 286; T.D. 34696, 27 Treas. Dec. 110; Sheldon & Co. v. United States, 8 Ct.Cust.App. 215; Kennedy & Moon v. United States, 9 Ct.Cust.App. 49.

"There was but one liquidation of the entry in the case at bar, that of November 30, 1921. Of that liquidation, the importer had notice. Stein, Hall & Co. v. United States, 11 Ct.Cust.App. 137. It was his duty to protest within 30 days thereafter, if he complained of the assessment of duties by the collector on his imported goods. If there had been a change of law while his goods were in warehouse, and a different rate had been made applicable by the new law, then a reliquidation would have followed and a different question would be presented. Taylor & Co. v. United States, 11 Ct.Cust.App. 15; United States v. Fensterer & Ruhe, 12 Ct.Cust. App. 410. But all the transactions here were under the provisions of the tariff act of October 3, 1913, and hence no necessity for a reliquidation arose.

"The demand of the collector upon the importer for duties under date of September 5, 1922, was nothing more than a communication to the importer in the course of the administration of the business of the collector's office and can not be (under the authority of the cases hereinbefore cited) taken as 'exactions of whatever character,' as mentioned in said paragraph N."

There was no change of law in that case and appellant concedes that there is no change of law in this case. If there is a change of facts in the instant case, as the importer claims, there was also a change of facts in that case. Nevertheless, it was there definitely held that the demand by the collector for the duties on the goods not imported was not protestable. It was pointed out there that there was but one liquidation of the entry and that the only provision of the statute, except possibly where there was a change of law, that entitled the importer to protest, required that such protest would have to be lodged against the liquidation within the time limit fixed by the statute (thirty days from liquidation).

In the Scherk Importing Co. Case, supra, the court followed the Andrews & Co., Inc., Case, supra, and held that a demand made by the collector for a balance of duties owing on warehoused goods was not an exaction.

While there are some phases of the Wood & Selick, Inc., Case, supra, that seem to be in point here it is not regarded as important to discuss it further than to say that it is in entire harmony with the two decisions last above referred to which we regard as controlling.

We think the facts in the case of Taylor & Co. et al. v. United States, supra, can be easily distinguished from the facts at bar. It is true that it was there held that where the goods were in bond and the duties unpaid, the right to protest did not arise until the withdrawal of the goods from bond "where a different state of law or facts exists at the time of withdrawal from that existing at the time of the original liquidation." In that case a statute was involved which is not involved here. Section 300, Title III, of the War Revenue Act of October 3, 1917, 40 Stat. 308, provided that the tax in controversy which should be collected by the Collector of Customs

was to be paid by the distiller or importer when the goods were withdrawn. In that instance the collector reliquidated the entry and of course the statute specifically provided for a protest against a reliquidation. There was no reliquidation in the case at bar.

The American Cigar Co. v. United States case, supra, cited by appellant, involved the question of the premature filing of a protest and not the question of the right to file a protest after the expiration of the statutory limitation. Barney v. Rickard, supra, is not in point; the facts there are wholly different from the facts at bar.

■ Appellant has pressed the proposition that the Government in the instant case is charging it duty on goods which are not actually imported (since they did not enter the commerce of the country) and that on the theory that there should be a remedy for every wrong it should have the right to protest after withdrawal of the goods and payment of the duties since its first opportunity of discovering the alleged non-importation was at that time.

■ As has been pointed out in numerous decisions of this and other courts, the Government in giving its consent to be sued prescribes the terms and conditions upon which the suit shall be brought. The statute relating to protests fixes a definite time limit within which the action may be brought. It has made no provision that fits the alleged wrong which appellant claims to have suffered.

■ There is nothing in the statute to indicate that Congress ever contemplated that the importer of liquors who places them in bond until great evaporation has taken place has any right to be relieved of duty which accrues at the time of entry. It will be noticed that paragraph 813 of the Tariff Act of 1930, 19 U.S.C.A. § 1001, par. 813, relating to wines, liquors, cordials, or distilled spirits, specifically provides that no allowance shall be made "for breakage, leakage, or damage" except where the same occurs while in transit to this country. Is it reasonable to assume that Congress contemplated that there would be an allowance for evaporation? We think not. It is our view that Congress, except where otherwise specifically provided, intended that the amount of duties on distilled spirits should be based upon the quantity thereof at the time of entry.

A holding here that the protest is untimely seems to us to be equivalent to holding that there is no remedy afforded by the statute for the alleged hardship concerning which the importer has made complaint.

It is our conclusion that under the circumstances of this case, appellant was authorized only to protest within sixty days from the time of the collector's liquidation, and that its protest filed at the time of withdrawal of the goods and payment of duties was untimely. The trial court properly dismissed the protest and its judgment is affirmed.

Affirmed.

GRAHAM, Presiding Judge, sat during the argument of this case, but died before the opinion was prepared.

BLAND, Associate Judge.

This case was decided by this court and an opinion handed down on November 22, 1937, affirming a judgment of the United States Customs Court, dismissing the protest of appellant for untimeliness. On January 5, 1938, appellant filed its petition for rehearing of the said cause, which petition was granted. On April 11, 1938, the cause was reargued and additional briefs were later filed. The facts, as stated in our former opinion, are as follows:

"On December 19, 1933, appellant entered for warehousing twenty-six barrels of rye whiskey, imported from Canada. According to the report of the Government gauger, the whiskey then amounted to 1,473.66 gallons. On March 21, 1934, the Collector of Customs liquidated the entry upon the basis of the gauger's return. On March 27, 1936, the whiskey was regauged, at the request of the importer, and 1,368.50 gallons were found to remain in the barrels. There being uncontradicted testimony to show that the barrels were not tampered with, and that there was no leakage, the difference of 105.16 gallons is claimed to be due to evaporation. On March 28, 1936, the appellant withdrew the 1,368.50 gallons of whiskey but was required to pay duty on the basis of the original gauge—1,473.66 gallons. Within sixty days after such payment (not sixty days after liquidation), the importer filed a protest against the liquidation and assessment of duties."

In the petition for rehearing and in the memorandum on behalf of appellant filed subsequent to oral argument, appellant

argued the inapplicability of the case of United States v. Andrews & Co., 14 Ct. Cust.App. 62, T.D. 41576, which was referred to in the decision of this court. Appellant has also reargued much that was covered in the original argument.

Our chief reason for granting a rehearing was to give further consideration to the decision in the Andrews & Co. Case, which appellant claims, with respect to a certain fact, this court "misconceived." We, as the opinion will disclose, did not base our decision on the Andrews & Co. Case, although we did cite it and refer to it as showing the attitude of this court toward the timeliness of a protest filed long after liquidation. In referring to the Andrews & Co. Case, we made the following statement which was unnecessary to the decision of the case and which might be misleading: "There was no change of law in that case and appellant concedes that there is no change of law in this case. If there is a change of facts in the instant case, as the importer claims, there was also a change of facts in that case. Nevertheless, it was there definitely held that the demand by the collector for the duties on the goods not imported was not protestable. * * *"

It must be remembered that in the case at bar appellant is arguing that, while there was no change of law, there was such a change of facts as would warrant the collector in reliquidating or as would afford appellant the right to protest upon discovering the claimed loss. As we understand appellant's argument at the original hearing and now, it is that when there is a change of facts subsequent to the importation and not discoverable until after the original liquidation, the importer has a right to protest the original liquidation within sixty days after the payment of the disputed duty and get relief for loss which occurred subsequent to importation and subsequent to the expiration of sixty days after the original liquidation. Importer claims that there is a change of facts in this case because there was no importation; that there was no importation because the goods did not go into the commerce of the country.

In the Andrews & Co. Case, supra, it was the contention of the importer that there was a nonimportation and under the facts there stated this might have been true. The goods, according to the conten-

tion there, never came into the country at all, while in the instant case they did come into the country even though they were not put into commerce.

In the last above-quoted statement the court meant nothing more than to call attention to the fact that there was a claimed nonimportation in each of the cases. But, it is easy to see that the two cases are not on all fours and that the decision in the Andrews & Co. Case is not sufficiently pertinent as to be controlling of the issue here, and was never intended to be such by us. In our original decision in the instant case we held:

"There is nothing in the statute to indicate that Congress ever contemplated that the importer of liquors who places them in bond until great evaporation has taken place has any right to be relieved of duty which accrues at the time of entry. It will be noticed that paragraph 813 of the Tariff Act of 1930, 19 U.S.C.A. § 1001, Par. 813, relating to wines, liquors, cordials, or distilled spirits, specifically provides that no allowance shall be made 'for breakage, leakage, or damage' except where the same occurs while in transit to this country. Is it reasonable to assume that Congress contemplated that there would be an allowance for evaporation? We think not. It is our view that Congress, except where otherwise specifically provided, intended that the amount of duties on distilled spirits should be based upon the quantity thereof at the time of entry.

"A holding here that the protest is untimely seems to us to be equivalent to holding that there is no remedy afforded by the statute for the alleged hardship concerning which the importer has made complaint.

"It is our conclusion that under the circumstances of this case, appellant was authorized only to protest within sixty days from the time of the collector's liquidation, and that its protest filed at the time of withdrawal of the goods and payment of duties was untimely. * * *"

We are of the opinion that we were correct in the last above-quoted statement. Congress never intended that allowance could be had for evaporation while liquor was in bond. The law specially provides that no allowance should be made for "breakage, leakage, or damage" except where the same occurs while in transit to this country. If no allowance was to be made for "breakage, [etc.]" why, in the ab-

sence of definite language to that effect, should it be concluded that it was the intent of the legislature to permit allowance for evaporation after entry? Of course, it follows that if there was no protestable right accruing after the evaporation, any protest that would be filed after sixty days from the original liquidation would be untimely.

We adhere to the decision heretofore rendered by this court, and the judgment of the United States Customs Court dismissing the protest is affirmed.

Affirmed.

JACKSON, Associate Judge, took no part in the consideration or decision of this case.