**No. 50038.**—Protests 90818–K, etc., of A. Giurlani & Bros. et al. (San Francisco).

Opinion by Keefe, J. At the trial the Government moved to dismiss the case on two grounds; first, that the protests were untimely under section 514, Tariff Act of 1930, having been filed more than 60 days after liquidation of the entries; and second, that the merchandise must be deemed abandoned to the Government under section 559 since it had remained in warehouse more than 3 years. Following *United States* v. *Andrews,* 14 Ct. Cust. Appls. 62, T. D. 41576, and *Hiram Walker* v. *United States,* 25 C. C. P. A. 189, T. D. 49293, it was held that an importer is authorized only to protest within 60 days from the time of the collector's liquidation. Plaintiffs introduced in evidence collective exhibits 1 and 2, an examination of which disclosed that certain of the whisky was actually

abandoned to the Government and that the Treasury Department had consented to and authorized the postponement of its sale. However, there was nothing in the exhibits nor in the record to establish that applications were made by the importers extending the time that the whisky might remain in warehouse. Under section 491, as amended by the Customs Administrative Act of 1938, duty is computed at the rate or rates applicable at the time the merchandise becomes subject to sale. Although the collector had previously liquidated the entries in this case, the rate applicable at the time of abandonment was the same as that used by the collector in liquidating. Under the circumstances, the court held that the collector's demand for payment of duties at the time the Secretary of the Treasury permitted the importers to withdraw the merchandise from warehouse was not an exaction entitling the party withdrawing the goods to file protest under section 514. The protests were therefore dismissed.