(C. D. 1511)

Parrott & Co.
Frank P. Dow Co., Inc. } *v.* United States

United States Customs Court, Third Division

(Decided March 25, 1953)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* and *Frank L. Lawrence* of counsel) for the plaintiffs.

*Charles J. Wagner*, Acting Assistant Attorney General (*Dorothy C. Bennett* and *Daniel I. Auster*, special attorneys), for the defendant.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: The protest herein relates to 343 cases of champagne entered under bond on December 8, 1944, and destroyed under customs supervision within the bonded period. It is claimed that no allowance was made for such destruction in a liquidation dated December 9, 1947; that a demand for payment of duty was made by letter, dated November 17, 1948; and that the collector refused to reliquidate with allowance for destruction. The protest was filed on January 6, 1949.

At the trial, the Government moved to dismiss the protest as untimely on the ground that it had been filed more than 60 days after liquidation. The case has been submitted for a ruling on this motion.

The record consists of the testimony of Frank W. Schoeppe, liquidator at the port of Los Angeles; the testimony of William Donald White, customs broker; a blank warehouse bond (customs Form 7555); a letter from the collector at Los Angeles, dated January 3, 1949; and the papers contained in the protest jacket.

The following facts appear therefrom: The entry involved herein covered 993 cases of champagne, entered for warehouse on December

8, 1944. On January 26, 1945, an application was made to examine and repack the cases and abandon all "leakers." The storekeeper's report, dated February 9, 1945, discloses the result of the operation as follows:

579 cs of 12 each ok.
343 cs of 12 leakers_____Destroyed by breaking
71 cs empty_____Destroyed

Subsequently, and on December 9, 1947, the entry was liquidated without making any allowance in duty for the 343 cases of "leakers" which had been destroyed. No protest was filed within 60 days of said liquidation.

A demand for payment of duty was made on March 12, 1948. However, on March 26, 1948, the collector requested the Bureau of Customs to authorize him to credit the ledger with duty on the said 343 cases or to concede a protest to that extent. It appears from the letter and the testimony of Mr. Schoeppe that it had been the previous practice for the ledger sheet to show a credit for merchandise destroyed if the liquidation did not reflect such an allowance. Mr. Schoeppe explained that when a warehouse entry was liquidated and then a portion of the merchandise was exported, for example, the liquidation was not changed, but when the last package was removed, a statement was drawn up of the credits and the duties paid, and a bill was issued for the balance due or refund was made of any excess amount that had been paid.

The collector's request in the instant case was denied by the Bureau in a letter, dated June 24, 1948, in which it is stated that since the bottles and their contents were apparently destroyed or short before the application was filed, duty allowance as to them could be considered only under the provisions of paragraph 813 of the tariff act. The letter continued:

Unless there are unreported facts in this case which can show that the failure of the liquidator to make an allowance in duties when he made an allowance in internal-revenue tax in the same liquidation on account of the authorized destruction was a clerical inadvertence and discovery of the error was made within the time specified in section 520 (c) (1) of the Tariff Act of 1930, as amended, the Bureau knows of no authority of law under which any relief can be accorded in this case.

On August 3, 1948, the importer, through its customs broker, requested that a notation of the destruction of a portion of the merchandise be made on the warehouse ledger sheet and that a refund be made. This request was referred by the collector to the Bureau of Customs, which denied the same by letter, dated November 10, 1948. On November 17, 1948, the collector advised the importer, through its broker, that the Bureau did not believe allowance could be made under authority of any law, but that the United States Customs Court might "consider the protest timely and judicially de-

termine the importer's rights." The demand, dated March 12, 1948, was reinstated by the collector. On January 3, 1949, further demand was made by a letter from the collector to the importer. Protest was filed on January 6, 1949.

The amount demanded has not been paid by the importer, but the collector has withheld certain refunds due it, sufficient to make up the amount of duty upon the 343 cases destroyed.

Plaintiffs contend that the protest is timely in that it was filed within 60 days of the demands of November 17, 1948, and January 3, 1949, and that the liquidation of December 9, 1947, was void for prematurity on the ground that no proof of destruction was submitted to the Secretary of the Treasury prior to liquidation, as provided in section 558 (a) (3) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. The Government contends, on the other hand, that the protest is untimely on the ground that the collector's demand for liquidated duties does not revive an expired right of protest and that a protest attacking the legality of a liquidation must be filed within 60 days of the date thereof. It is also claimed that section 558 (a) (3) has no application to the case at bar for the reason that said section applies to merchandise which has been exported or destroyed after its release from customs custody, and not to merchandise, as here, which has been destroyed before its release.

The only question at issue is the timeliness of the protest.

Section 514 of the Tariff Act of 1930 provides:

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof) unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

In the case at bar, liquidation of the entry was completed on December 9, 1947. This was long after the destruction of the mer-

·chandise, so that any decision of the collector as to the granting or refusal of an allowance for such merchandise was merged in the liquidation. *United States* v. *B. Holman, Inc.*, 29 C. C. P. A. (Customs) 3, 14, C. A. D. 164. The sufficiency of the notice of liquidation has not been questioned; therefore, it is presumed that such notice was given in accordance with section 505 of the Tariff Act of 1930 and the regulations issued thereunder. *V. Mueller & Co.* v. *United States*, 28 C. C. P. A. (Customs) 249, 261, C. A. D. 152. · Since no protest was filed within 60 days of the liquidation, under the terms of the statute, it is final and conclusive upon all parties unless subsequent events may be considered as such an exaction by the collector as will give the importer a further right of protest. *Scherk Importing Co.* v. *United States*, 17 C. C. P. A (Customs) 135, 138, T. D. 43470.

It is well settled that a demand for payment of duties after a liquidation is not an exaction which may be protested. *United States* v. *Andrews & Co. (Inc.)*, 14 Ct. Cust. Appls. 62, T. D. 41576; *Scherk Importing Co.* v. *United States*, *supra*; *Hiram Walker & Sons, Inc.* v. *United States*, 25 C. C. P. A. (Customs) 189, T. D. 49293 (affirmed on rehearing, 26 C. C. P. A. (Customs) 121, C. A. D. 4). In the case first cited (T. D. 41576), the court said (pp. 64–65):

> There was but one liquidation of the entry in the case at bar, that of November 30, 1921. Of that liquidation, the importer had notice. *Stein, Hall & Co.* v. *United States*, 11 Ct. Cust. Appls. 137. It was his duty to protest within 30 days thereafter, if he complained of the· assessment of duties by the collector on his imported goods. *   *   *

> The demand of the collector upon the importer for duties under date of September 5, 1922, was nothing more than a communication to the importer in the course of the administration of the business of the collector's office and can not be (under the authority of the cases hereinbefore cited) taken as "exactions of whatever character," as mentioned in said paragraph N.

Under this rule, the demands for payment made by the collector on March 12, 1948, and subsequently are not exactions giving rise to a right of protest by the importer.

Plaintiffs claim, however, that the collector did not regard the liquidation of December 9, 1947, as a final ascertainment of duties since he twice requested the Bureau of Customs for permission to make an allowance for the destroyed merchandise. While the collector may have thought the liquidation was erroneous and that an allowance should be made, his views are of no effect since the time during which he might have reliquidated had expired. See *Bullocks (Inc.)* v. *United States*, 61 Treas. Dec. 718, T. D. 45552; *Mid State Sales Co.* v. *United States*, 21 Cust. Ct. 209, Abstract 52579. The collector may not thereafter cancel his liquidation, demand additional duties, or reliquidate, correcting his errors in computation. *Phipps* v. *United States*, 22 C. C. P. A. (Customs) 595, T. D. 47601; *United States* v. *Westco Liquor Products Co.*, 38 C. C. P. A. (Customs) 101,

C. A. D. 446; *Joseph E. Seagram & Sons, Inc.* v. *United States*, 15 Cust. Ct. 95, C. D. 951.

Plaintiffs claim, however, that the collector's refusal to grant a refund is in the nature of an exaction which is subject to protest, relying upon *Eurasia Import Co., Inc.* v. *United States*, 31 C. C. P. A. (Customs) 202, C. A. D. 273 (affirmed 34 C. C. P. A. (Customs) 121, C. A. D. 353), and *Stanley Bulkley Co.* v. *United States*, 26 C. C. P. A. (Customs) 368, C. A. D. 43.

In the *Eurasia* case, merchandise was transferred to appellant while in warehouse, withdrawals made, and estimated duties paid. As a result of a subsequent liquidation based upon a decision of the court in another case as to classification of similar merchandise, there was left an excess of estimated deposited duties, which was subject to be refunded. The collector refused to refund the same to the appellant on the ground that he could recognize only the importer of record in paying out refunds. It was held that protest would lie against the collector's refusal since, although negative in character, it had all the effects of an exaction. In that case, a protest against the liquidation would not have brought up the point at issue. The protest was against a decision of the collector which occurred subsequent to liquidation.

In *Stanley Bulkley Co.* v. *United States*, *supra*, the broker tendered for payment of estimated duties due on the involved entry the check of another importer; the check was erroneously accepted as payment and, thereafter, the entry was liquidated. Several years later, the mistake was discovered, and the collector made a demand for payment of the duties, which were afterwards paid. Protest was filed against the demand and claim was made for a refund of the duties paid. The court overruled the protest, stating (pp. 373–374):

> We think it is clear that the statute of limitations does not commence to run against the Government until the duties assessed against imported merchandise have been paid and the merchandise has been delivered to the consignee or his agent, and that it is "such settlement of duties" which shall "be final and conclusive upon all parties" after the "expiration of one year from the date of entry, or after the expiration of sixty days after the date of liquidation when liquidation is made more than ten months after the date of entry" in the absence of fraud or the filing of a protest. * * *

There was no discussion of the timeliness of plaintiff's protest, and, in view of the peculiar fact situation involved, we do not think this case is authority for a holding that a protest filed more than 60 days after liquidation, against a collector's demand based upon such liquidation, is timely.

On the other hand, it has been held that where the collector makes no modification of his original decision, a protest does not lie against his affirmance thereof. *United States* v. *Mexican Petroleum Corp.*, 28 C. C. P. A. (Customs) 90, C. A. D. 130. In that case, warehouse

entries were liquidated on November 27, 1936, and December 14, 1936, respectively, and a tax was levied upon fuel oil which had been withdrawn from warehouse and placed in the bunkers of a steamship engaged in foreign trade. On January 29, 1937, in a letter to the collector, the importer requested relief from payment of the tax on the ground that it had been assessed only because the master of the vessel had failed to manifest the oil as bonded when clearing the vessel. On February 2, 1937, the letter was referred to the Bureau of Customs for a decision. The request for relief was denied and on March 11, 1937, the importer was so notified. On May 10, 1937, formal protest against the collector's action in assessing the tax was filed, and on May 20, 1938, an amendment protesting the decision of the collector of March 11, 1937, was filed. The court held the protest and amended protest untimely, stating (p. 96):

> With respect to the amended protest of May 20, 1938, it is to be noted that section 515, *supra*, provides only for the filing of a protest within 60 days when the collector modifies his original decision "in whole or in part" within 90 days of the filing of the original protest. The collector made no modification of his original liquidations and it is obvious that a protest against his affirming his original decision does not lie. By the letter of March 11, 1937 the collector merely made a further demand for payment of the tax in view of the decision of the Bureau of Customs. This demand, based upon a prior liquidation, is not a decision or exaction against which a protest may be filed. * * *

The facts in the instant case are analogous. Subsequent to liquidation, the collector requested permission from the Bureau of Customs to make an allowance for the destroyed merchandise, but the request was twice denied by the Bureau. Since the collector's liquidation was not modified, his demand, based upon that liquidation, is not a decision or exaction against which a protest will. lie. The protest herein is, in effect, a protest against the liquidation, and, since filed more than 60 days thereafter, is untimely.

Plaintiffs claim that the liquidation was premature and, therefore, invalid on the ground that proof of destruction was not submitted to the Secretary of the Treasury, as prescribed in section 558 (a) (3) of the Tariff Act of 1930, as amended. That section provides that when articles entered under bond are destroyed, as provided in section 557, and proof of such destruction is furnished which shall be satisfactory to the Secretary of the Treasury, any accrued duties shall be remitted or refunded. Section 557, as amended, provides that merchandise entered under bond may be destroyed under customs supervision and, upon such destruction, the entry shall be liquidated without payment of duty and any duties collected shall be refunded. Reading these two sections together, it appears that when merchandise under bond is destroyed under customs supervision and proof of such destruction is furnished which shall be satisfactory to the Secretary of the Treasury, the entry shall be liquidated without pay-

ment of duty and any duties collected shall be refunded. Assuming, without deciding, that satisfactory proof of destruction was not furnished to the Secretary of the Treasury in the instant case, the collector's decision to liquidate, although that had not been done, is merged in the liquidation. Even if the liquidation is invalid for failure to comply with the provisions of section 558 (a) (3), as amended, the question of legality can be raised only by a protest filed within 60 days of that liquidation. *Gallagher & Ascher* v. *United States*, 21 C. C. P. A. (Customs) 313, T. D. 46832; *Wood & Selick, Inc.* v. *United States*, 24 C. C. P. A. (Customs) 355, T. D. 48804. Since the protest in the instant case was filed more than 60 days after liquidation, it is untimely even as to the question of the legality thereof.

For the reasons above stated, we hold that the protest in this case is untimely and must be dismissed. Judgment will be rendered accordingly.